EVANS v. SAN ANTONIO MACHINE & SUPPLY CO. (No. 5550.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1916. Rehearing Denied Feb. 9, 1916.)

1. JUDGMENT ☞460—SETTING ASIDE JUDGMENT—PLEADING—SUFFICIENCY.

A petition to set aside a judgment, alleging that in the action in which it was rendered plaintiff was successful; that judgment entry was postponed awaiting a transcript of the evidence to ascertain the account; that plaintiff's attorneys prepared a proper judgment and left it with the files; that they were called to attend court at another place; and that defendant's attorneys procured the signature and entry of a judgment, omitting the principal defendant by representing to the judge that plain-

tiff's attorneys agreed to the entry—is not bad on general demurrer.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879, 880, 882–891; Dec. Dig. ☞ 460.]

2. PRINCIPAL AND AGENT ☞178—AUTHORITY OF AGENT—NOTICE.

Where plaintiff's selling agent, before selling goods to a firm, was told that one member had left the firm and that the goods were bought by the other member for himself, the plaintiff could not recover from the retiring member, although the agent did not in fact have authority to extend credit, and orders had to be O. K.'d at a central office, since it was his duty to report to his principal the dissolution of a debtor firm, and the principal was charged with notice of all matters which his agent ought to have communicated.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 680–684; Dec. Dig. ☞ 178.]

Appeal from Hidalgo County Court; W. H. Gossage, Judge.

Suit by the San Antonio Machine & Supply Company against Marvin Evans. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Kibbe, Polk & Perkins, of Brownsville, for appellant. Brown & Strickland, of Mission, for appellee.

CARL, J. This is a suit by appellee to set aside a certain judgment rendered in cause No. 389 in the county court of Hidalgo county, wherein appellee was plaintiff and the Pharr Auto & Supply Company, a firm composed of E. C. Ruth and Marvin Evans, were defendants, and for judgment on the merits of the cause in said suit stated against said partnership and the members thereof. Substantially the grounds upon which it was sought to set the judgment aside were these: That after hearing the pleadings and evidence, the cause having been tried before the judge, the court stated that he would not render judgment for the plaintiff until he received a transcript of the evidence from the stenographer and fully examined the several items sued for; and thereafter on three several days the attorney for appellee inquired of the judge as to what action he had taken, and the court stated that final judgment would be rendered as soon as the testimony was received and the correct amount of the account was ascertained. Thereupon appellee's attorney prepared a judgment in favor of the plaintiff against the company and the members for $794.26, and placed it among the papers of the case in cause No. 389, and notified the court of same; that thereupon the judge announced in open court that, as soon as he received the transcript of the evidence and found same correct, he would cause the same to be entered, and that if the amounts were not correct, he would make the necessary correction in regard thereto and enter same; that appellee's attorneys were compelled to attend a trial in San Antonio and could not remain, and the judge

stated that it would not be necessary for them to remain, as he would see that the proper judgment was entered. Thereupon said attorneys left for San Antonio and did not return until after the term closed, and they relied upon the court's assurance. It is further alleged that on the last day of the term one of the attorneys for Marvin Evans presented to the court a decree in said cause which gave the plaintiff judgment against the Pharr Auto & Supply Company and E. C. Ruth, the wholly insolvent member, but provided that no judgment should be taken against Marvin Evans, he to go hence without day, recovering his costs of the plaintiff. It is alleged that the judge told him that since the plaintiff had recovered judgment, it would be proper for its attorneys to draw the judgment; but this attorney thereupon said that plaintiff's attorneys had agreed with him that he draw the judgment, and that the one he had prepared was agreeable to plaintiff's attorneys. The trial judge was in a hurry to go to Brownsville, in another county, and when said statements were made to him, he entered his approval and signature on the decree so presented without reading the same, and did not know that Evans was left out of said decree, having relied on the statements of appellant's attorney that such judgment was in accordance with the agreement made between the attorneys. The term of court had closed when appellee's attorneys returned from San Antonio, and the trial judge did not know what the decree provided until some time after the term had closed. Fraud, accident, or mistake are relied upon to set the judgment aside, and it is alleged that the Pharr Auto & Supply Company has no assets and Ruth is wholly insolvent. These matters were all set out in the petition, and the judgment prepared by plaintiff below, the petition in cause No. 389, and the judgment entered as prepared by appellant's attorney were all attached thereto as exhibits and made a part of the petition in this cause.

[1] The first assignment is that the court erred in overruling the general demurrer to the petition, but we think this is without merit, and overrule the same.

[2] The second assignment complains of the refusal of the court to give an instructed verdict for defendant, Marvin Evans, because the uncontradicted evidence shows that the account was made after notice to appellee that he had withdrawn from the firm. The firm was dissolved on January 11, 1913, and this written agreement of dissolution was filed for record on February 28, 1913, in Hidalgo county. The first item of the account sued on is dated January 20, 1913. Ruth testified, and he was uncontradicted, that he told Mayfield, appellee's salesman, that he and Evans had dissolved partnership before the first order was given. He said he and Mayfield had talked about the matter,

and he told Mayfield that the reason he would not give him an order in December was because the firm was going to be dissolved, Evans retiring, and that when he did give the order, he told Mayfield that he had bought Evans out and therefore gave the order himself. So the uncontradicted evidence is to the effect that the salesman had actual knowledge of the dissolution at the time and before these items were bought. Appellee seeks to avoid the force of this by the testimony of its general manager at Corpus Christi, to the effect that the agent had nothing to do with extending credit; that all orders had to be O. K.'d by him at the Corpus Christi office, and that he had received no notice of the dissolution of the firm; that Mayfield had no authority to receive such notice so as to bind the company, because it was contrary to his instructions. The only matter we need inquire into is as to whether the notice to Mayfield was notice to the appellee or his principal. The well-known, general rule is that notice to the agent is notice to the principal. The business of this agent was to sell goods for his principal, and it was his duty, as such agent, to make known to his principal such matters as came to his knowledge in regard to his duties in transacting that business; indeed, to disclose all facts coming to his knowledge which might be necessary for the protection or guidance of his principal.

"This duty the law presumes the agent to have performed, and, according to the view now being considered, imputes to the principal whatever notice or knowledge the agent then possessed, whether he has in fact disclosed it or not." Mechem on Agency, § 719.

"When a principal has consummated a transaction in whole or in part through an agent, it is contrary to equity and good conscience that he should be permitted to avail himself of the benefits of his agent's participation without becoming responsible as well for his agent's knowledge as for his agent's acts." Irvine v. Grady, 85 Tex. 124, 19 S. W. 1028.

Mayfield did not testify, and the uncontradicted evidence to the effect that he was notified of the dissolution would not be met by testimony that he had no authority to receive such notice, and that the general manager had no such knowledge, because his business was to represent his principal in selling goods and to keep his principal informed as to all matters pertaining thereto. The dissolution of a firm whereby the main man retired would certainly pertain directly to the duties of the salesman, and the law charges the principal with that knowledge which the agent, in line with his duty, ought to have communicated. This assignment and the third are sustained. Bergman Produce Co. v. Brown, 172 S. W. 558; Rodgers-Wade Furn. Co. v. Wynn, 156 S. W. 342; Fordtran et al. v. Cunningham, 141 S. W. 563.

There is nothing else in this appeal which we care to discuss. The judgment will be reversed, and the cause remanded for trial, as herein indicated.