## WHITAKER v. HAYNES.

### No. 3426.

Court of Civil Appeals of Texas. Beaumont.
May 13, 1939.

Rehearing Denied May 24, 1939.

Seale & Thompson and Denman & Fowler, all of Nacogdoches, for appellant.

Ben Greenwood and Collins, Pate, Hatchell & Garrison, all of Lufkin, and Adams & McAlister, of Nacogdoches, for appellee.

COMBS, Justice.

Appellant, Charley Whitaker, cut appellee Haynes with a knife inflicting serious injury, and Haynes brought this action for damages. Plaintiff's theory of the case was that he was sitting in his automobile when the defendant came up to the car and without provocation cut him with a knife. The evidence showed that Haynes was sitting in his car in the town of Douglas, Nacogdoches County, talking to one Jack Kelley, a nephew of defendant, when defendant Whitaker came up to the car and slashed him across the abdomen with a knife disemboweling him.

Haynes' testimony was that Whitaker had sought to attack him on two previous occasions, and that the attack on the occasion in question was without provocation. The defendant's testimony was to the effect that he saw plaintiff talking to Jack Kelley and walked up to the car for the purpose of asking him about certain derogatory remarks he had made about Jack Kelley's wife, and that when he got in close proximity to the car, Haynes reached out and cut him with a knife, whereupon he grabbed Haynes with his left hand and reached in his pocket and got his own knife, and cut the plaintiff Haynes in self defense. His physician testified that Whitaker came to him next day after the trouble and he dressed a cut on Whitaker's hand.

In response to special issues the jury found:

(1) That defendant Whitaker committed an assault and battery upon plaintiff Haynes.

(2) That Haynes' actual damages were $1700.

(3) That defendant committed the assault and battery willfully.

(4) Exemplary damages assessed "none."

(5) That the assault and battery was not committed in "self defense". And

(6) That plaintiff did not provoke the assault.

The trial court entered judgment on the verdict in favor of plaintiff for $1700, and the defendant has appealed.

## Opinion.

Appellant's first proposition is directed at the instructions given by the trial court in the preliminary part of the charge in that; "Said instruction is a general charge and has no place in a charge where special issues are submitted to the jury." We think the charge was not subject to that objection. The suit was for damages for an alleged assault and battery. In submitting the issue of assault and battery to the jury the trial court simply defined the terms as used in the issue. They were technical terms which it was the duty of the court to define as a guide to the jury in answering the issue. Vernon's Ann.Civ.St. Art. No. 2189. Appellant concedes that the definition of "assault and battery" given by the

court was correct. The charge was not a general charge on the law of the case nor did it call for a general verdict. It was therefore not subject to the objection urged. Barrow v. Barclay, Tex.Civ. App., 269 S.W. 235, writ refused.

■ Appellant also complains of the failure of the trial court to define the term "self defense" as used in special issue No. 5. The objection urged in the trial court was: "Comes now the defendant in the above styled and numbered cause, and objects and excepts to the Court's main charge for the reason that the Court nowhere in said charge, and in connection with said special issue No. 5 defines the legal and technical term 'self defense.' Self defense is a legal and technical term and should be defined to the jury in order to guide the jury in arriving at whether or not, the defendant in committing said assault and battery, if any; acted in self defense. Without such definition the jury is not advised of the rights of the defendant to protect himself against the unlawful attacks of others, and just what right he would have in protecting himself. The defendant requests the Court to submit to the jury a proper definition in connection with special issue No. 5 of the legal and technical term 'self defense'."

In general the term "self defense" embodies a number of technical legal propositions, which may or may not all be invoked in a particular case depending on the evidence. And an objection to the charge which merely requests the court to define the term is tantamount to a request for a general treatise on the law of self defense. It is our view that an assignment which merely complains of the refusal of the court to define the term is too general, and presents nothing for review. The statute (Art. 2189) makes it the duty of the court only to submit "such explanations and definitions of legal terms *as shall be necessary to enable the jury to properly pass upon and render a verdict*" on the *issues submitted.* Whether a term should be defined or not, and just what definition or explanation should be given, if any, depends upon the facts of the case. Magnolia Petroleum Co. v. Long, 126 Tex. 195, 86 S.W.2d 450.

In the case before us it is not made to appear that a definition of the term "self defense" was necessary. The issues raised by the theories of the plaintiff and defendant were sharply drawn. The plaintiff contended that the attack upon him by the defendant was without excuse or provocation. He denied that he cut the defendant with a knife or made any assault upon him. The defendant contended that plaintiff attacked him with a knife. The defendant's theory of self defense was appropriately submitted to the jury. It is difficult to conceive of how any possible instruction or definition which the court might have given could have aided the jury in answering the issue. They had merely to decide from the evidence before them whether they would accept the defendant's theory of how the cutting occurred, or whether they would reject it. The trial court probably concluded that the evidence clearly disclosed the meaning of the term as used in the issue, and that it was unnecessary to define it. It was for the trial court to determine in the first instance, in the exercise of a reasonable discretion, whether or not, under the facts of this case, definition of the term was required. And appellant nowhere points out in his brief any specific injury which resulted to him from the court's failure to define the term. Nor has he brought forward any facts to show that the jury required the aid of a definition or special instruction in order to give due consideration to appellant's defensive theory.

We have carefully considered the whole record and find no reversible error. The findings of the jury have ample support. The amount of damages awarded is moderate considering the serious injury sustained by appellee.

The judgment is affirmed.