CASEY et al. v. GIBSON PRODUCTS CO., Inc.
No. 13946.

Court of Civil Appeals of Texas. Dallas.
Nov. 19, 1948.

Rehearing Denied Dec. 17, 1948.

Robert C. Johnson, of Dallas, for appellants.

Geo. K. Holland, of Dallas, for appellee.

YOUNG, Justice.

Gibson Products Company, Inc., has here sued Messrs. Casey and Smith on a written instrument designated as a "continuing guaranty"; and following the trial, judgment was rendered for plaintiff notwithstanding the jury verdict for $350 plus $75 attorney's fees and costs; both defendants bringing up such adverse ruling for review.

Appellee was engaged in the sale of wholesale drugs and drug sundries, headquarters in Dallas with branch stores over the State including Lubbock. Its method of business was to sell on consignment, each consignee having particular territory and who, before the advancement of any merchandise, was required to furnish a bond, or guaranty, with himself as principal and several approved sureties or guarantors. In the present "agreement of guarantee" Frank Jones of Lubbock was the principal or "Purchaser," with Casey, Smith and others "referred to as guarantors." The instrument of date May 28, 1941, limited individual liability of the latter parties to the sum of $350 and attorney's fees and was signed on behalf of Gibson Products Company, Inc., by Sunset Boone, its Lubbock manager. Other material parts of the contract provided: "It is further mutually agreed that all provisions and covenants by and between the parties hereto are embodied herein, and no oral agreement or stipulation by any party hereto shall be binding upon any of the parties hereto; and provided further that no change or alteration or addition to this agreement shall be made except by memorandum in writing and signed by all of the parties hereto; provided further that should any part or parts of this agreement be or become unenforceable, no other portion of this agreement shall be affected thereby. * * * It is further mutually agreed that all the terms, conditions and provisions of this agreement shall extend to and be binding upon the heirs, executors, administrators, successors, assigns and/or legal representatives of the parties hereto. * * * Said guarantors and each of us * * * hereby agree, jointly and severally, absolutely and unconditionally, at all

times that we and each of us will pay upon demand by said Company, to the said Company, all and every sum or sums of money as shall from time to time or at any time hereafter become due and payable from said purchaser to said Company, for goods, wares and merchandise delivered and supplied to the said purchaser by said Company during the life of this agreement."

The jury issues (six in number) first establish the amount of indebtedness due from Frank Jones to plaintiff as in the sum of $376.72. Under issues three to six were findings that on June 22 and 25, respectively, 1945, M. E. Casey and R. L. Smith "mailed a letter to the Lubbock office of plaintiff Company stating that as of that date he was revoking a contract of guaranty sued upon * * *"; further that each of such letters "was received by Sunset Boone at the Lubbock office of Gibson Products Company, Inc."

Boone did not report to his Company the receipt of above notices, but continued to deliver merchandise to Jones, permitting him to act as salesman. Evidence discloses that Jones had a credit of $19.92 with plaintiff company on April 24, 1946, at which time Manager Boone delivered to him merchandise in amount of $923.28, and for this and other merchandise, said Jones failed to pay or return a balance of goods; resulting in the indebtedness for which claim is here made on the bond. Judgment by default has heretofore been rendered against defendant Frank Jones and another guarantor (Mrs. Nellie Woods, a feme sole), which judgment now appears final, as only defendants Casey and Smith have undertaken an appeal.

In the instant case, the notices of appellants concerning their withdrawal from the bond were received some ten months before appellee's cause of action against Frank Jones (the principal) arose; the contention being made on part of appellee that the instrument in question by its terms is irrevocable. "The general rule is that a continuing guaranty may be revoked by the guarantor unless the right to revoke is precluded by the language of the guaranty contract." Straus-Frank Co. v. Hughes, 138 Tex. 50, 156 S.W.2d 519, 520;

24 Am.Jur., Guaranty, sec. 64. On the subject "Revocation of Guaranty," no better statement of the applicable law can be found than that expressed in 14 American and English Encyclopedia of Law, pp. 1159, 1160. The editor there says: "So far as the question of revoking guaranties is concerned, they are divisible into two classes: first, where the consideration is entire, that is, where it passes wholly at one time; second, where the consideration is fragmentary, supplied from time to time, and therefore divisible. Guaranties of the first-mentioned class are not revocable by the guarantor, and are not terminated by his death and notice of that fact, unless this intention is plainly expressed in the guaranty itself. *On the other hand, guaranties of the second class, commonly known as continuing guaranties, may be withdrawn on notice, in the absence of anything in the guaranty to the contrary, and the guarantor will not be affected by any transaction between the principal obligor and the guarantee subsequent to the notice. Where the guaranty is for advances to be made from time to time to the principal obligor, it is divisible as to each advance, and ripens as to each advance into an irrevocable promise or guaranty only when the advance is made. In order to revoke a guaranty the language should be clear and explicit.*" (Emphasis ours.) All later authorities and decisions are in general accord with the above pronouncement. See Annotations 81 A.L.R. 790; 24 Am.Jur., p. 915; 38 C.J.S., Guaranty, § 36, page 1174; Magnolia Petroleum Co. v. Harley, La. App., 13 So.2d 84. Undoubtedly, on examination of the obligation in suit, it is of the second class above mentioned and subject to revocation upon notice; the right to revoke being in no wise precluded by the contract.

It is further argued in support of judgment non obstante veredicto that "Sunset Boone, appellee's store manager, had no authority to dispense with the guaranty contract, or to release the guarantors thereon, or to accept from appellants any notice of revocation of their guaranty." As has already been seen, Boone had originally signed aforesaid instrument on behalf of his company. Testifying by deposition, he

stated that the letters of revocation received by him in June 1945 were not sent on to the Dallas office because Jones, the principal, "had worked for us so long I just felt that he was a good risk * * *." The trial court further found from undisputed evidence "that during the month of June, 1945 Sunset Boone was the Manager of the Lubbock Texas Store of the Gibson Products Company, Inc., and that as such Manager he delivered the merchandise of plaintiff company to various consignees, including Frank Jones, and received from such consignees, including Frank Jones, cash in payment for merchandise, and also merchandise, which such consignees desired to return*ed* for credit."

■ Although H. R. Gibson of plaintiff company testified that Sunset Boone had no authority to eliminate liability of sureties, dispense with Jones' guaranty, or the revocation thereof, appellants are not shown to have had any knowledge of such limitation; or, for that matter, that Boone had failed to forward their letters of revocation to the home office. We think the rule implicit in Syl. 2, Evans v. San Antonio Machine & Supply Co., Tex.Civ. App., 182 S.W. 694, is likewise applicable to the facts under review. It reads: "Where plaintiff's selling agent, before selling goods to a firm, was told that one member had left the firm and that the goods were bought by the other member for himself, the plaintiff could not recover from the retiring member, although the agent did not in fact have authority to extend credit, and orders had to be O. K.'d at a central office, since it was his duty to report to his principal the dissolution of a debtor firm, and the principal was charged with notice of all matters which his agent ought to have communicated."

■ It is a general rule that notice acquired by an agent within his express, implied, or apparent authority, is notice to his principal. Irvine v. Grady, 85 Tex. 120, 19 S.W. 1028; Bergman Produce Co. v. Brown, Tex.Civ.App., 172 S.W. 554; Rodgers-Wade Furniture Co. v. Wynn, Tex.Civ.App., 156 S.W. 340; Adams v. Lasalle Life Ins. Co., Tex.Civ.App., 99 S.W.2d 386. "Knowledge of agent ac-

quired in course of employment will be imputed to principal, in absence of showing of collusion raising inference that agent would not communicate knowledge to principal." Syl. 1, Mitchell v. Federal Mortgage Co., Tex.Civ.App., 45 S.W.2d 649.

It follows, therefore, that the trial court erred in failing to render judgment in consonance with jury findings herein. The judgment in question is accordingly reversed and here rendered in favor of M. E. Casey and R. L. Smith; in other words, that appellee Gibson Products Company, Inc., take nothing by its action against these named appellants.