**BRANDTJEN & KLUGE, Inc. v. HUGHES.**

No. 2828.

Court of Civil Appeals of Texas. Eastland.

Jan. 12, 1951.

Rehearing Denied Feb. 2, 1951.

Brooks, Duke, Templeton & Brooks and E. S. Cummings, all of Abilene, for appellant.

Carl P. Hulsey, Abilene, for appellee.

COLLINGS, Justice.

This case was brought by Jack Hughes, doing business as Hughes Printing & Office

Supply Company, against appellant, Brandtjen & Kluge, a corporation, claiming damages for the breach of a written contract. Hughes alleged that on October 25, 1945 appellant, by and through its duly authorized agent, entered into a written contract by which appellant agreed to sell and he agreed to buy a 12 x 18 four roller Kluge Automatic Platen Press for a stated consideration of $1,785.00; that by the terms of the contract such amount was to be paid $50.00 at the time of the execution of the contract, $307.00 upon delivery of such printing press and the balance in 29 monthly installments, beginning 30 days after the installation of the press; that as a part of the agreement, appellant, by and through its said agent, orally represented that said press would be delivered not later than 60 days after the date of the contract; that appellee relied upon such representation but that appellant failed and refused to so deliver the press within 60 days and that such failure resulted in damage to appellee.

Hughes filed suit on September 9, 1948. He alleged the reasonable value of the press at that time to be $4,000.00 and asked judgment for the difference in such reasonable value and the contract price. He also alleged that by reason of appellant's failure to deliver the press, which operated automatically without a press feeder, it has been necessary for him to employ an experienced printer to feed his old presses for 104 weeks at $60.00 per week, or a total $6,240.00 and asked judgment for such amount.

On January 20, 1949, appellant, as shown by its pleading, tendered said printing press to Hughes and the tender was accepted. Hughes alleged, however, in his amended pleading that the acceptance of such tender in no way compensated him for the special damages suffered because of appellant's failure to deliver the press for a period of more than three years; that appellant knew that the press it contracted to deliver was automatic and could be operated without the necessity of being fed by an experienced printer; that appellant could have delivered such press on or before January 1, 1947 but failed and refused to do so until the tender on January 20, 1949; that because of such failure and refusal to deliver the automatic press, appellee was required to pay a skilled printer $60.00 per week for 104 weeks to feed his old presses and that the loss and damage resulting therefrom was $6,240.00, for which sum he prayed judgment.

The jury, in answer to special issues, found: (1) that under the circumstances appellant delayed an unreasonable time in delivering the press; (2) that appellee Hughes suffered special damages in the sum of $3,120.00 as money paid for extra help as a direct result of such delay; (3) that appellant knew that an unreasonable delay in delivery would result in special damages; (4) that appellant's delay was not caused by priority regulations issued by the Civil Production Administration, and (5) that such delay was not the result of a condition over which defendant had no control. Based upon such jury findings, judgment was entered for Hughes in the sum of $3,120.00. Brandtjen & Kluge bring this appeal.

■ It is contended in appellant's first point that since there was "no proof of notice of special damages accruing to plaintiff" the court erred in refusing to give an instructed verdict for appellant. In our opinion, there was proof of notice to appellant of such special damages. The evidence shows that appellant was a manufacturer of printing presses; that the press described in the contract was automatic and required no one to feed it. It was built for the purpose of eliminating a press feeder. Hughes testified that this was the "main selling point" urged by appellant's agent. The presses which Hughes owned and used in his printing business prior to the purchase and delivery of the press in question, were not automatic and required the presence of a printer to feed them when they were in operation. Appellant's agent inspected Hughes' shop and at the time of making the contract knew the kind of equipment and presses that he had. There is no question but that the agent who sold the press was acting within the course of his employment with his principal when he made the sale. It was on this occasion that

he acquired such knowledge. Appellant accepted and endorsed the contract as provided and required by the contract to fix its liability. Under these facts appellant was charged with knowledge that delay in delivery of the press would result in damages to Hughes. 13 Tex.Jur., page 90; 2 Tex. Jur., page 563, 567; 3 C.J.S., Agency, § 260, p. 194; Independent Shope Brick Co. v. Dugger, Tex.Civ.App., 281 S.W. 600; Casey v. Gibson Products Co., Inc., Tex. Civ.App., 216 S.W.2d 266; Producers' Supply & Tool Co. v. Allison, Tex.Civ.App., 238 S.W. 995; Brooks Supply Co. v. Hines, Tex.Civ.App., 223 S.W. 709.

Appellant contends in several points that the court erred in overruling exceptions to appellee's pleadings and objections to testimony concerning oral representations made by appellant's agent to Hughes at and prior to the execution of the written contract that the press would be delivered within 60 days after the date of the contract. It is urged that since there was no allegation of fraud, accident or mistake, such representations were not available to contradict, vary or add to the terms of the written contract. The contract is silent as to when the press was to be delivered but provides "that no agreements or representations, expressed or implied, not specified * * * have been made * * * and this contract constitutes the entire agreement of the parties."

Assuming that appellant's exceptions and objections to such pleading and testimony were well taken, there remains the question as to whether reversible error is shown under the circumstances. Rule 434, Tex. Rules of Civ. Procedure provides: "no judgment shall be reversed * * * unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment * * *."

■ A solution of the question here presented involves a consideration of the pleadings and evidence complained of in connection with and in relation to the judgment rendered and all of the pleadings and evidence in the case which concern or bear upon the period of time during which appellant was in default in delivering the press. It is to be noted that appellee's pleadings on this point presented two theories of appellant's liability. One theory was based upon an oral representation made in connection with a written contract and the other was upon an implied obligation under the written contract. Appellee Hughes plead not only that appellant's agent represented that the press would be delivered within 60 days, but in addition thereto, urged the implied obligation of the written contract to deliver within a reasonable time. Hughes alleged in his third amended original petition that appellant could, by the use of reasonable diligence, have delivered the press on or before January 1, 1947, and that he was damaged in the sum of $60.00 per week for 104 weeks from that date by reason of the failure to so deliver. He testified that if he had received the press he could have saved at least one man's time and maybe two; that he actually paid a man $60.00 per week to feed the press and that such payment continued throughout the entire period from the time the press was ordered until delivered on January 20, 1949. Appellant objected to the above testimony of Hughes on the ground that there was no notice to appellant of such damages and contends that the court erred in admitting same. For the reasons stated in the discussion of appellant's first point, we cannot agree with this contention. Such evidence was properly admitted.

■ The jury found that there was an unreasonable delay in delivering the press and that the damage suffered by Hughes by reason of such delay was $3,120.00. These findings are supported by both pleadings and evidence and are the basis of the judgment rendered.

■ The allegations and testimony concerning oral representations of a 60 day delivery of the press present an alternative theory of appellant's liability wholly different from the theory of unreasonable delay which was submitted to the jury. The erroneous theory was not presented

to the jury nor was it a basis for the judgment. The only injury which appellant could possibly have suffered by reason of the pleadings and testimony complained of was their effect, if any, on the jury in deciding the issue of a reasonable time for the delivery of the press. A careful examination of all the pleadings and evidence and the issues submitted convince us that it is highly unlikely that the jury could have been so influenced. An examination of the jury verdict is also convincing that the jury was not influenced by such pleadings and testimony. It is true that the periods of liability under the two theories were overlapping but there is no reason why this should have confused the jury. The amount of damages found by the jury to have been sustained because of the unreasonable delay was $3,120.00. This was only one-half of the amount which Hughes alleged and testified that he had to pay during the period from January 1, 1947 until January 20, 1949 because of such delay. In our opinion, the error complained of does not amount to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Texas Power & Light Co. v. Hering, Tex.Sup., 224 S.W.2d 191, and cases cited therein.

■ Appellant complains in its third point of the action of the court in refusing to submit defendant's requested special issue No. 1 which inquired if strikes and shortages of fuel, labor or material prevented appellant from manufacturing and delivering the press in question. The trial court did not err in refusing to submit this issue. When appellant contracted in writing to deliver the press, there was nothing provided in such contract which excused a non-performance on account of the matters inquired about in the requested issue. Appellant's obligation to fulfill the contract could have been excused only if performance had been rendered impossible by an act of God, by the law or by the action and conduct of appellee. Kingsville Cotton Oil Co. v. Dallas Waste Mills, Tex.Civ.App., 210 S.W. 832. For still another reason, the action of the court in refusing to submit such requested issue was not error. Substantially the same issue was submitted in special issue No. 6 of the court's main charge which inquired if "the delay of defendant in delivering the press was the result of a condition over which the defendant had no control." The issue was answered in the negative by the jury. The point is overruled.

■ Appellant urges in points 6 and 7 that the court erred in overruling objections to the introduction of two letters. The first letter, dated March 19, 1946, was from appellant's agent who sold the press. It was written to appellee Hughes and suggested that if appellee would furnish information concerning service connection in the U. S. Armed Forces of his employees, that such information might rush the delivery of the press. The other letter was Hughes' reply, giving information concerning the service connection of his employees and expressing the hope that the information would speed up delivery of the press. The action of the court in admitting these letters was not reversible error. Even if it should be held that such action was error, the error was cured by the fact that appellant itself later introduced one of the letters in evidence.

■ We cannot agree with the contention in appellant's 8th point that appellee's petition shows on its face that the printing press was accepted by appellee in full accord and satisfaction of any damages claimed by appellee. Appellee's petition specifically states that the acceptance of the tender was "in no way in mitigation of and does not in any way compensate this plaintiff for the damages actually suffered by him because of the failure of defendant to deliver said printing press to him for a period of over three years * * *." Such pleadings further alleged the damages sustained by reason of appellant's failure to deliver and prayed judgment therefor. These allegations are wholly inconsistent with appellant's claim of accord and satisfaction.

The judgment of the trial court is affirmed.