## MILLER v. WATSON.
No. 14623.

Court of Civil Appeals of Texas. Dallas.
March 27, 1953.

Rehearing Denied April 24, 1953.

Odeneal, Herndon & Franklin, Dallas, for appellant.

Burford, Ryburn, Hincks & Ford and Howard Jensen, Dallas, for appellee.

DIXON, Chief Justice.

This suit was filed by the appellee Watson, plaintiff, against appellant Miller, defendant, on an oral contract for one-half of a real estate commission. Both parties are real estate brokers. After a trial before a jury, the court entered a decree for appellee in the nature of a declaratory judgment to the effect that appellee is entitled to have paid to him one-half of commissions paid or, to be paid to appellant by Sam Ventura, Trustee, for the owners of certain property.

The jury made the following findings: (1) Appellant and appellee entered into an agreement to cooperate with or work with each other on the Colberts, Inc.—Sam Ventura lease; (2) a universal custom existed at the time in question among real estate agents in Dallas County under which the terms "cooperate with" or "work with" meant an agreement to share equally a real estate agent's commission; (3) Pete Hawk knew of the custom; and (4) appellee Watson did work with and cooperate with appellant in securing execution of the lease between Colberts, Inc. and Sam Ventura.

Appellant's first point is that the court erred in failing to submit appellant's requested issue as to whether the parties agreed to be bound by the custom in question. We overrule the contention. The record shows beyond doubt that such a custom existed. Appellant and appellee both say so. We do not think that the case of Oxford v. Rogers, Tex.Civ.App., 238 S. W. 295, relied upon by appellant, supports appellant's contention. In that case it was shown Rogers introduced Oxford to a cli-

ent. No agreement to work together was entered into. Yet Rogers subsequently claimed half the commission, basing his claim on the custom in question. The plaintiff relied solely on the custom to create the contract. The court rightly held that the custom cannot make the contract. In the case before us it is practically undisputed that the contract had been made; the custom was relied upon only to indicate or explain what the wording of the contract meant. The importance of this distinction is made clear in the Oxford case by this statement in the opinion:

"Usage or custom is admissible in evidence to determine the terms of a contract, where the parties themselves have not explicitly defined such terms, where such usage or custom is so well established and generally known as to raise the presumption that the parties knew of it and contracted with reference thereto." See also Liberty Mutual Ins. Co. v. Hughes, Tex.Civ.App., 238 S.W.2d 803; Barreda v. Milmo Nat. Bank, Tex.Com.App., 252 S.W. 1038.

■ Appellant complains because the court failed to define the phrases "work with" and "cooperate with." Though there are occasional exceptions, the court ordinarily should define only those phrases which have been given a distinctive meaning by law,—that is, "legal terms." Rule 277, Texas Rules of Civil Procedure. Neither of the two phrases used here has a peculiar legal meaning. Whether they have an unusual meaning in the real estate business is a fact question. That they do have the meaning ascribed to them by appellee is not really in dispute. Both appellant and appellee and other expert witnesses say that they do. When there is evidence before the jury which discloses the meaning of the term, it need not be defined. Whitaker v. Haynes, Tex.Civ.App., 128 S.W.2d 532. The jury heard the witnesses and answered a specific issue on the subject in favor of appellee.

■ There is evidence in the record to support the jury's answer to each of the issues submitted, including the issue as to whether appellee in performance of his agreement did work with or cooperate with appellant. Appellee had been attempting, unsuccessfully, to negotiate the Colberts, Inc.-Sam Ventura lease for some months prior to the time when appellant obtained an exclusive listing of the Ventura property. It was appellant's agent, Hawk, who proposed that the two work together. Hawk says he was induced to believe that appellee was the authorized agent of Colberts, Inc. But that question is immaterial, for appellant does not raise any issue of fraud in inducing the contract with appellee. Appellee testified that after the agreement was entered into he gave appellant a complete history of his prior negotiations with Ventura. He also testified that he furnished certain credit information to appellant. He indicates that he would have done more, but that Hawk discouraged his further participation in the negotiation. He was not obligated to prove that his efforts were the procuring cause of the lease, or that he was authorized to represent Colberts, Inc. His agreement was only to work with, or cooperate with appellant. It is not necessary to determine whether he did much or little in working with appellant. The jury heard and saw the witnesses and accepted appellee's version of the controversy. The court properly overruled appellant's motions for instructed verdict.

■ We do not agree with appellant that the appellee should have been required in his petition to allege specifically what he did in performance of his agreement to work with and cooperate with appellant. He is not required to plead his evidence. Moreover, appellant does not show that any of the evidence produced at the trial came as a surprise to him or that he suffered any harm because the pleading of appellee had not more fully set out the particulars as to what he actually did by way of performance. Rule 434, T.R.C.P.; Quinn v. Wilkerson, Tex.Civ.App., 195 S. W.2d 399.

Appellant's points of appeal are overruled.

842

██ Appellee on cross-assignment claims he is entitled to an attorney's fee under art. 2226, R.C.S., Vernon's Ann.Civ. St. art. 2226. We do not agree with appellee. The contract between the parties was in the nature of an agreement to engage in a joint enterprise. Appellee has not cited us a case in support of his claim that this is a type of action in which he may claim an attorney's fee, nor have we found such a case. We believe this cause of action is not one wherein attorney's fees are recoverable. Appellee's cross-assignment is overruled.

The judgment of the trial court is affirmed.