**Jesus PUENTE, Appellant,**

v.

**Perfecto MATA, Appellee.**

**No. 13741.**

Court of Civil Appeals of Texas.

San Antonio.

April 26, 1961.

Rehearing Denied May 24, 1961.

Polk Hornaday, Harlingen, for appellant

Johnson, Hester, Jenkins & Toscano, F. W. Moran, Harlingen, for appellee.

BARROW, Justice.

This suit was brought by appellant, Jesus Puente, against appellee, Perfecto Mata, seeking an adjudication that appellee owns no interest in Lot No. 22, Block No. 62, Original Townsite of Harlingen in Cameron County, Texas. Appellee filed an answer and cross-action, alleging that while the record title was taken in the name of appellant, appellee, by virtue of an agreement between appellant and himself, it was the property of both said parties and was held in trust by appellant for appellee to the extent of his one-half interest therein. In said cross-action appellee made appellant's

wife, Santiaga Mata de Puente, a party to the suit. The case was tried to a jury, and after a jury verdict on special issues favorable to appellee, the court rendered judgment adjudging the property to be the property of appellant and appellee. The court further found the property was not capable of partition in kind and ordered the property sold and the proceeds divided equally between the parties. Appellant will be referred to as Puente, appellant's wife as Mrs. Puente, and appellee as Mata.

The record shows that all of the parties are Mexican aliens residing lawfully in the United States. They all came to this country about the year 1923. Puente's wife is a sister of Mata. About January, 1927, the property in dispute was conveyed by one Osco Morris to Puente. The next day Puente conveyed the property to Mrs. Puente. At the time of the purchase of the property there existed an outstanding lien against it. This lien was later foreclosed in the District Court of Cameron County and the property was sold at Sheriff's Sale. Wright Estates, Inc., became the purchaser at such sale. After two different attempts by suit to set aside the foreclosure and sale, on May 6, 1935, the property was repurchased from said Wright Estate for a consideration of $200. Title was taken in the name of Puente. A payment of $20 in cash was made and a note was executed by Puente for the balance, payable in installments. The note was paid off.

Appellant, Puente, seeks a reversal of the judgment upon eighteen points. We shall consider these points in the order presented. By the first ten points Puente contends that the court erred in refusing to sustain exceptions to the answer and cross-action of Mata. The points are overruled. The facts with reference to the agreement between the parties and their actions with reference to the property in keeping with such agreement were fully alleged. We have examined Mata's pleadings in the light of Puente's exceptions and fail to find any indication of surprise suffered by Puente.

We have examined the record as a whole and find no indication that any paucity or impropriety of pleading was calculated to cause and probably did cause any injury to Puente in the conduct of the case or the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure; Miller v. Watson, Tex.Civ.App., 257 S.W. 2d 839; Brandtjen & Kluge v. Hughes, Tex.Civ.App., 236 S.W.2d 180; Quinn v. Wilkerson, Tex.Civ.App., 195 S.W.2d 399.

By point number eleven Puente contends that the court erred in overruling his motion for a directed verdict because the proof of a parol trust in this case is not such clear, satisfactory and convincing proof as is required by law. By point number thirteen appellant contends that the judgment establishing such parol trust is contrary to law for the same reason. And by point number fourteen he urges that the court erred in overruling his motion for judgment notwithstanding the verdict, for the same reason.

Mata testified that he paid his one-half of the original purchase price of the lot when it was purchased in January, 1927, and that when the lot was repurchased in 1935, he again paid one-half of the cost price. He further testified fully and completely as to the parol agreement that the lot was purchased as the property of Puente and himself and was to belong to both of them. He further testified that he and his mother, and Puente and his wife, as well as Puente's children, as they came along, all lived together on the lot in buildings erected by their joint funds. That they so used and occupied the property until the death of his mother, and until Mrs. Puente became estranged from her husband and went to Corpus Christi to live. In that connection, it is undisputed that they have not been divorced. Mata's testimony is corroborated by the testimony of Mrs. Puente and Puente's daughter, Mrs. Maria Ramirez. The evidence is undisputed that Mata continued to occupy the property until the year 1958.

We think the evidence is sufficient to establish a parol trust in land and meets the test laid down by the Supreme Court in Jackson v. Hernandez, 155 Tex. 249, 285 S.W.2d 184. The property was purchased and conveyed and the parol agreement made and consummated long prior to the passage of Art. 7425b–1 et seq., Vernon's Ann.Tex.Stats., The Texas Trust Act, and is not governed thereby. Moreover, the parol agreement as between the parties thereto does not contradict the contractual consideration recited in the deeds to Puente as between Puente and the grantors in the deeds.

In point number twelve Puente contends that the court erred in giving Mata the right to open and conclude the argument to the jury. The point is overruled. We find that in all the issues submitted to the jury, the burden of proof rested upon Mata. Under Rule 269, T.R.C.P., the trial court's action was proper.

His point number fifteen contends that the jury finding that Puente did not repudiate the agreement prior to 1958 is contrary to the evidence. We overrule the point. From the whole record the evidence supports the finding. King v. King, 150 Tex. 662, 244 S.W.2d 660.

By his points numbers sixteen and seventeen Puente contends that the court erred in excluding certain questions asked Mrs. Puente and her answers thereto, in her deposition. We have considered the same and have reached the conclusion that the matters inquired about are immaterial and would have served no useful purpose in the case. At most, the answers only reflect the mental attitude of the witness. The points are overruled.

By his point number eighteen Puente contends that the judgment of the trial court is fundamentally erroneous in that it does not dispose of the interest of Mrs. Puente in the property. We overrule the point. It is evident that Mrs. Puente was made a party because originally she held the legal title to the property. The judgment re-cited that she was duly cited in the case, but made default. The judgment then disposed of all the property by adjudging it to be the property of Puente and Mata. It is undisputed that Puente and Santiaga Mata de Puente were married at the time the property was conveyed to him. Therefore Puente's share of the property would be community property.

We think the rule is well settled that a party to a suit may be disposed of in a judgment by implication. Thus where the subject matter of the controversy is awarded to some of the parties and one of them gets nothing, this amounts to a judgment against him. 25 Tex.Jur. 370, Judgments, § 7. In this case there was no issue as between Puente and his wife. The judgment did not attempt to dispose of any issues as between them. The wife was made a party by Mata to establish the trust as to all parties.

Finding no error, the judgment is affirmed.