NUMBER 13-03-012-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


TEXAS MIGRANT COUNCIL, INC., Appellant,


v.



RUBEN ROSA, Appellee.

___________________________________________________________________


On appeal from the 92nd District Court


of Hidalgo County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Rodriguez



 Appellant, Texas Migrant Council, Inc., was sued by appellee, Ruben Rosa, for
gender discrimination. Appellant failed to appear at the default hearing, and the trial
court granted default judgment for appellee, awarding damages in the amount of
$100,000.00. By four issues, appellant argues that the trial court's ruling should be
reversed and a new trial granted because: (1) the trial court lacked jurisdiction over
appellant; (2) the trial court abused its discretion in failing to grant appellant's motion
for new trial; (3) the judgment is not supported by the pleadings; and (4) the damages
awarded were not supported by legally or factually sufficient evidence. Appellant first
contends, however, that this Court lacks jurisdiction given that the trial court has not
disposed of all relief requested by the plaintiff/appellee. We dismiss for want of
jurisdiction.

I. FACTS


 As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.

II. APPLICABLE LAW
 

 An appeal "may be taken only from a final judgment." Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final if it disposes of all pending
parties and claims in the record. Id.; Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272
(Tex. 1992). Judgments that dispose of only some of the claims are not appealable. 
Liu v. Yang, 69 S.W.3d 225, 228 (Tex. App.-Corpus Christi 2001, no pet.). A party may
only appeal an interlocutory order that is authorized by statute. See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014 (Vernon Supp. 2004); Bally Total Fitness Corp. v. Jackson, 53
S.W.3d 352, 352 (Tex. 2000). 

 The law does not require that a final judgment be in any particular form;
therefore, whether a decree is a final judgment must be determined from its language
and the record in the case. Lehmann, 39 S.W.3d at 195. A "Mother Hubbard" clause
alone does not indicate that a judgment rendered without a conventional trial is final
for purposes of appeal. Id. at 203-04; Guajardo v. Conwell, 46 S.W.3d 862, 864 (Tex.
2001). Likewise, an order does not dispose of all claims and all parties merely because
it is entitled "final." Lehmann, 39 S.W.3d at 205. 

 Default judgments are not presumed to be final. Houston Health Clubs v. First
Court of Appeals, 722 S.W.2d 692, 693 (Tex. 1986); Coastal Bank SSB v. Helle, 48
S.W.3d 796, 800 (Tex. App.-Corpus Christi 2001, pet. denied). Therefore, there must
be a clear indication that the trial court intended the order to completely dispose of the
entire case. Lehmann, 39 S.W.3d at 205.

III. ANALYSIS

 Appellee relies on two cases, North Am. Corp. v. Allen and Puente v. Mata, to
support his assertion that the trial court judgment was final. See North Am. Corp. v.
Allen, 636 S.W.2d 797 (Tex. App.-Corpus Christi 1982, no writ); Puente v. Mata, 346
S.W.2d 643 (Tex. Civ. App.-San Antonio 1961, writ ref'd n.r.e.). Appellee argues that
in North Am. Corp., the trial court granted relief for some complaints asserted but
omitted references to other reliefs sought, thereby implying that those claims were
denied and the judgment was final. However, the parties in North Am. Corp. asserted
a total of four claims and the trial court ruled on all four claims. See North Am. Corp.,
636 S.W.2d at 798. Appellee also cites Puente as an indication that a judgment is
final, unless it is intrinsically interlocutory. In Puente, appellant raised eighteen points
of error, all of which were addressed by the court. See Puente, 346 S.W.2d at 645. 
The significance of Puente to the present case and how it relates to interlocutory
versus final judgments is unclear. In addition, both cases predate Lehmann. 

 In the instant case, the "Final Judgment By Default" addresses only the award
of compensatory damages and post-judgment interest to appellee. The judgment
makes no mention, either granting or denying, appellee's request for permanent
injunction, attorney's fees, or court costs. The record shows that appellant informed
the trial court that the default judgment was not final given the lack of ruling on the
injunctive relief, and that the judge took it under advisement. However, the record is
devoid of any other mention of this matter and the trial court did not resolve the
permanent injunction for either party. Given the lack of clear indication that the trial
court intended the order to completely dispose of the entire case, see Lehmann, 39
S.W.3d at 205, we conclude the judgment is interlocutory, and not final or appealable. 
See McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001) (holding judgment not final
because it failed to dispose of claim for attorney's fees and did not appear final on its
face). 

 Because of our disposition of appellant's first issue, we need not address
appellant's remaining issues. See Tex. R. App. P. 47.1. Furthermore, appellant's
motion to determine jurisdiction, which was carried with this appeal, has been
rendered moot by our decision and is hereby dismissed.

III. CONCLUSION

 Accordingly, this case is dismissed for want of jurisdiction. 

 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed

this 8th day of July, 2004.