Phillip L. DAMSTRA, Appellant,

v.

Janice Lynn Damstra STARR, Appellee.

No. 8682.

Court of Civil Appeals of Texas, Texarkana.

July 3, 1979.

Rehearing Denied July 24, 1979.

Larry S. Parnass, Parnass & Bond, Irving, for appellant.

Gerald Livingston, Bean, Francis, Ford, Wills & Livingston, Dallas, for appellee.

CORNELIUS, Chief Justice.

Appellant Phillip Damstra brought this suit against his former wife, appellee Janice Starr, to cancel a promissory note he had given her and to recover the amounts he had previously paid on the note. Appellee answered by general denial and also filed a counter-claim to collect the balance due on the note. In a jury trial, the district court directed a verdict against appellant on his suit for cancellation, and in favor of appellee on her counter-claim. The question of attorney's fees on the counter-claim was submitted to the jury which found that $1,350.00 was a reasonable amount for such fees as provided by the note. Judgment was rendered in appellee's favor for the sum of $8,536.92 as the unpaid balance of the note, together with $956.96 interest and $1,350.00 attorney's fees.

The note was in the principal sum of $11,294.75 and was given to appellee by appellant as part of a property settlement approved by the court and the parties in their divorce. The note represented payment for appellee's community interest in the value of appellant's partnership share of a medical practice he had with another physician. Appellant's suit contended that the note should be cancelled and the payments previously made thereon should be returned because, when he executed the property settlement agreement and the promissory note, he did not know that the goodwill of his medical practice was not legally divisible as a community asset,[1] and he did not know that the note payments

---

1. See *Nail v. Nail*, 486 S.W.2d 761 (Tex.1972).

could not be deducted from his income tax. In support of his cause of action he alleged that he was not represented by an attorney when the settlement agreement was effected, but relied upon the advice of appellee's attorney.

 The district court properly directed a verdict against appellant on his cause of action because no evidence was adduced to support the actionable allegations of the petition. Even if appellant's misconception of the nature of the goodwill of his medical practice could constitute grounds for cancellation, the undisputed evidence, even from appellant himself, established that the amount of the promissory note represented one-half of appellant's interest in the amount of cash on hand and the outstanding accounts receivable of the medical practice, and that goodwill constituted no part of the evaluation on which the property settlement agreement was based. Nevertheless, appellant contends here that he should have cancellation of the note because he was only able to collect approximately one-half of the accounts receivable which were included in the evaluation. We do not agree. Such a development is not a legitimate ground for rescission. A person cannot rescind a contract merely because, in the light of subsequent developments, a provision thereof operated to his disadvantage. Neither is an error in predicting a future fact the kind of mistake which will relieve a party from his contract. *City of Austin v. Cotten*, 509 S.W.2d 554 (Tex. 1974); Restatement of Contracts, Sec. 502, Comment f (1932).

 If appellant was mistaken concerning the deductibility of the note payments, it was a mistake of law, and ordinarily mistakes of that nature are not grounds for cancellation of a contract. See 17 C.J.S. Contracts § 145 (1963). It is possible for a unilateral mistake of law to be ground for cancellation, but only if the mistake is chargeable to the inequitable conduct of the other party, such as the making of mislead-

ing or incorrect representations by one possessed of superior knowledge and in whom trust and confidence have properly been reposed. 10 Tex.Jur.2d Cancellation of Instruments, Sec. 39, pp. 362, 363. Those elements are not present here. Indeed, appellant himself testified that appellee's attorney told him that the note payments were not deductible from income tax.

 It is further contended that the note is void because it amounts to alimony which, after a divorce has become final, is prohibited by Texas law. The contention is without merit. See *Francis v. Francis*, 412 S.W.2d 29 (Tex.1967).

 Appellant next urges that the district court erred in refusing to allow him to file a trial amendment in order to plead additional payments that he made on the note subsequent to the filing of the suit but before the trial. We agree. In appellant's answer to the counter-claim for collection of the note, he pleaded that eighteen payments had been made, but at the trial of the case some five months later, the trial court allowed appellant to introduce evidence that, up to that time, he had made a total of twenty-three, rather than eighteen, payments. At the close of the evidence, however, judgment was rendered for appellee on the note allowing credit for only eighteen payments because that was all that had been pleaded, and the court refused appellant's request to file a trial amendment including the additional payments. In this we believe the court erred. Tex.R. Civ.P. 66 provides that

". . . the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. . . ."

Here the information sought to be covered by the trial amendment was already in evi-

dence and there was no showing or attempt to show that allowance of the amendment would prejudice appellee in the presentation of the merits of her cause of action. As in *Aubin v. Hunsucker*, 481 S.W.2d 952 (Tex. Civ.App. Austin 1972, writ ref'd n. r. e.), the trial amendment sought only to assert a defense in law to facts already established and did not seek to change the factual basis of the lawsuit. In those circumstances, the trial amendment should have been allowed so that the pleadings would comport with the proof as well as the true rights and obligations of the litigants.

 Finally, it is argued that the attorney's fees awarded are excessive because they necessarily include time and services incurred by appellee's attorney in defending appellant's original suit for cancellation and not simply those incurred in collecting the note. We disagree. The same facts necessary for appellee to prove her right to collect the note served to defeat appellant's suit for cancellation. In that situation, all the attorney's fees incurred can properly be said to have been incurred in the collection of the note through legal proceedings, and are therefore recoverable. See *Miller v. Patterson*, 537 S.W.2d 360 (Tex.Civ.App. Fort Worth 1976, no writ).

Because of the failure to allow appellant's trial amendment, the judgment in favor of appellee on her counter-claim for collection of the note is reversed and is remanded to the trial court for a new trial and calculation of the proper amount of payments made toward the note. That portion of the judgment denying appellant any recovery on his suit for cancellation and for recovery of payments previously made upon the note is affirmed.

### ON MOTION FOR REHEARING

 Both parties have filed motions for rehearing. Appellee's motion argues that we should not have taxed the costs in this Court and in the trial court one-half to each party because the property settlement agreement provided that all court costs in-curred by a party seeking to enforce the agreement (appellee) should be borne by the party in default (appellant). On further consideration of the matter, we have concluded that we should modify our judgment in this respect, and that only one-half of the costs on appeal should be taxed against appellee, with the remainder being taxed against appellant.

 In his motion, appellant complains of our failure to discuss his Point of Error No. 7 which asserted that the trial court erred in failing to file findings of fact and conclusions of law. The point is overruled. Findings of fact are not necessary or proper in a case where the trial court directs a verdict. *Ditto v. Ditto Investment Company*, 158 Tex. 104, 309 S.W.2d 219 (1958); *Hooker v. Roberts*, 330 S.W.2d 493 (Tex.Civ.App. Eastland 1959, no writ). Conclusions of law were not proper because in a case such as this, the direction of a verdict is simply a finding by the trial judge that the plaintiff did not support by evidence one or more of the essential elements of the cause of action he pleaded.

Our judgment will be modified to tax one-half of the costs on appeal to appellee and the remainder to appellant. Except as to that extent, both motions for rehearing are overruled.