NORTH AMERICAN CORPORATION,
Appellant,

v.

Herbert C. ALLEN, Jr., Appellee.

No. 2349.

Court of Appeals of Texas,
Corpus Christi.

June 24, 1982.

Mark P. Blenden, Lapin, Totz & Mayer, Houston, for appellant.

Dougal C. Pope, Pope & Waits, Houston, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal based upon a written lease agreement between appellant-plaintiff North American Corporation and appellee-defendant Herbert C. Allen, Jr. North American acquired its rights to the lease under an assignment from the original lessor, Optical Scanning Corporation. Under the terms of the lease, Allen was to lease computer equipment for a term of one year and thereafter for successive periods of like duration until terminated at the end of the initial or any renewal contract period by written notice from either party. On July 19, 1976, appellee Allen notified Optical Scanning Corporation of its intent to terminate the lease. The last payment under the lease agreement was made in May of 1976. The equipment was picked up by North American in May of 1978.

Suit was filed by North American on April 4, 1978, for breach of the equipment lease. Damages were sought for past rentals and attorney's fees. Allen counterclaimed for the reasonable rental value of the office suite rented to store the equipment from the time he terminated the lease to the time North American picked up the equipment, and for attorney's fees. The parties stipulated that reasonable attorney's fees for each side would be $1,500. Trial was to the court, which entered a judgment awarding North American rentals in the amount of $359.10 for the months of June and July of 1976, plus $1,500 in attorney's fees. The court also awarded Allen attorney's fees in the amount of $1,500 on his counterclaim but denied any further relief.

On appeal, appellant North American is contending that there is no evidence to support the trial court's judgment that awarded rentals for only the months of June and July of 1976. Appellants argue that, as a matter of law, they are entitled to rentals from June through November of 1976.

■ In reviewing these points, we find it necessary to determine when the lease agreement took effect. North American contends that the lease agreement began on

September 10, 1973, the date of the delivery of the equipment; and since Allen did not give notice until July of 1976, the lease continued for an additional year. Allen contends that the lease agreement became effective in December of 1973, the date when the equipment first became operational, the date he began making rent payments. North American did not request, nor were any findings of fact or conclusions of law filed. Therefore, if the judgment of the trial court can be upheld on any legal theory that finds support in the evidence, it should be affirmed. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962); *Rouse v. Shell Oil Co.*, 577 S.W.2d 787 (Tex.Civ.App.—Corpus Christi 1979, writ dism'd). On reviewing the record in this case, we find that the trial court, in its judgment, stated "that adequate notice of termination was given on said lease agreement on July 19, 1976." By finding that adequate notice of termination was given, the trial court impliedly found that the lease agreement, which would allow the required 90 days prior notice to cancel the lease, did not begin until December of 1973. North American admitted during oral argument that December of 1973 was the date that the lease began.

■ Having determined when the lease began, we must next determine if the trial court properly held that appellants were only entitled to rentals for the months of June and July. The lease in question provides that the agreement should be in effect "until terminated at the end of the initial or any *renewal contract period* by written notice by either party to the other, provided such notice is given at least (90) days prior to the end of any such contract period." (emphasis added.) The lease also provided that it was for a term of one year and thereafter for "successive periods of like duration" unless terminated. It is evident after a careful reading of the lease that the lease was renewed each year for a period of *one year* unless terminated 90 days in advance of the expiration of the year lease agreement. While notice of the termination of the lease in this case was timely given, it did not act to shorten the lease period agreed to, i.e., the end of the 1976 contract year. Therefore, the notice of cancellation in July caused the lease to be effective only until December of 1976. Accordingly, appellee breached the contract by not paying the rental fee for the months of June through November of 1976.

■ The general rule regarding damages when a breach of contract occurs is that the injured party should be compensated for the damages or loss actually sustained. *Copenhaver v. Berryman*, 602 S.W.2d 540 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n. r. e.); *Calvin v. Koltermann & Underream Piling Co.*, 563 S.W.2d 950 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.). Where it is shown that loss of profits is a natural and probable consequence of the act complained of and the amount due is shown with sufficient certainty, recovery of lost profits should be permitted. *Copenhaver v. Berryman*, supra. Thus, we agree with appellants and hold that North American is entitled to receive the rents for the entire last year of the rental lease period, i.e., through December of 1976, as the undisputed evidence shows.

■ Appellee Allen argues that rentals through December of 1976 are not justified. He contends that, since there were no findings of fact or conclusions of law filed, this Court may hold that the trial court impliedly awarded him damages on his counterclaim for storage fees, and the judge then used such award as an offset for any additional past rents that might have been due North American by Allen. We disagree. The final judgment does not mention any relief being granted on appellee's counterclaim. In fact, the trial court's judgment states that "all relief not specifically granted herein is denied." The general rule is that, where a claim is not expressly disposed of by judgment, even though it has been properly placed in issue by the pleading, the judgment will be considered to have denied such claim. *Vance v. Wilson*, 382 S.W.2d 107 (Tex.1964); *Blackburn v. Faulkinbury*, 554 S.W.2d 7 (Tex.Civ.App.—Texarkana 1977, writ ref'd n. r. e.). Thus,

appellee Allen was not granted any relief as to his counterclaim. There is no offset as to past rentals. We sustain appellant's point of error and hold that the judgment of the trial court should have awarded the sum of $2,154.60 for rentals due through November of 1976.

 In its last point of error, North American contends that the trial court erred in granting Allen attorney's fees. To this, we also agree. As previously discussed in the above point of error, Allen did not recover on his counterclaim. The recovery of attorney's fees under Tex.Rev.Civ.Stat. Ann. art. 2226 (Vernon Supp.1982), is predicated upon a party's proof of a "valid claim." Since Allen did not recover on his counterclaim, there was no basis for a valid claim on which an award of attorney's fees could be justified. Accordingly, we sustain appellant's last point of error.

Allen argues in his brief that, if this Court should find that appellee's award of attorney's fees was not proper, then the cause should be remanded to the trial court to determine whether any attorney's fees should be awarded to appellant North American. We disagree. A person is entitled to collect attorney's fees on a written contract if they have a valid claim. Tex. Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1982). North American had a valid claim in this suit. The parties stipulated to the fact that proper demand for attorney's fees had been made and that the $1,500 was a reasonable amount. We hold that North American was entitled to attorney's fees.

The judgment of the trial court is reversed and judgment is here rendered that North American recover $2,154.60 in past rentals, together with attorney's fees of $1,500 and interest from date of judgment. Judgment is also here rendered that Allen take nothing as to his attorney's fees on his counterclaim.

REVERSED AND RENDERED.