**CORPUS CHRISTI DEVELOPMENT CORP. and Jorge Schultze,**
**Appellants,**

v.

**Richard J. CARLTON, Appellee.**

**No. 1970 CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 7, 1982.

Rehearing Denied Nov. 18, 1982.

Allan Potter, Potter & Potter, Corpus Christi, for appellants.

Howard F. Sudduth, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a judgment awarding damages in suit for breach of a contract to sell real property. Petitioners appeal on five points of error by way of application for writ of error.

Richard Carlton, desiring to buy a condominium in the Las Brisas Condominium complex, contacted a realtor. The realtor located Jorge Schultze, whom the realtor thought was an owner of one of the units in Las Brisas who wanted to sell. Carlton signed a real estate contract form containing the terms under which he was willing to buy the unit. At the time the form was signed by Carlton, the seller on the form was shown to be "Dr. Jorge Schultze." The form signed by Carlton was presented to Schultze who changed the seller from "Dr. Jorge Schultze" to "Corpus Christi Development Corporation" and changed the amount of the down payment from $10,000 to $15,-000. Schultze initialed these changes and, in the presence of the realtor, signed the form as "president" of the Corpus Christi Development Corporation. The form was returned to Carlton who approved the changes. The contract was then delivered to an escrow agent. The contract provided that the deal was to be closed on or before thirty days from August 2, 1979. Before expiration of this deadline period, Carlton received word that the seller would not convey the property. Schultze informed the realtor that he and Corpus Christi Development Corporation were not going to honor the contract and denied ever signing the contract.

Schultze also told plaintiff's attorney in response to a demand letter that neither he nor the Corpus Christi Development Corporation was going to consummate the transaction and that the lawyer could sue them.

The case was tried to the court without a jury. Although an answer was filed in behalf of Schultze and Corpus Christi Development Corporation, neither Schultze nor a representative of Corpus Christi Development Corporation appeared at the trial. Judgment was rendered in favor of Carlton, giving him $80,446.00 in damages and $10,000 in attorney fees.

In cases where the vendor has the ability to perform, but is unwilling to do so, the measure of damages for breach of contract to sell real estate is the difference between the contract price and the market value of the property at the time of the breach. *Broady v. Mitchell,* 572 S.W.2d 36, 42 (Tex.Civ.App.—Houston, [1st Dist.] 1978, writ ref'd n.r.e.). Appellants contend that there is no evidence in the record from which the trial court could have determined the market value of the property *at the time of the breach.* With this we agree. The realtor testified concerning the market value of the property *at the time of the trial,* but not at the time of the breach of the contract (approximately seventeen months earlier). Points one and two are sustained.

In point of error three appellant Schultze contends there is no evidence to support the judgment that he is individually liable for the breach of the contract. A corporation by its nature must act through

agents. *Norton Refrigerated Express v. Ritter Bros. Co.,* 552 S.W.2d 910 (Tex.Civ. App.—Texarkana 1977, writ ref'd n.r.e.). It is a general rule that an agent is not liable on a contract made for his principal. *Helland v. Western's Construction Co.,* 516 S.W.2d 437, 440 (Tex.Civ.App.—San Antonio 1974, no writ); Restatement 2d, Agency, Sec. 320 (1958). The plaintiff alleged that Schultze acted individually but did not plead or prove any theory under which Schultze could be held personally liable as a corporate agent. But the law will not allow corporate officers to use the corporate veil as a shield to justify wrong. *Western Rock Company v. Davis,* 432 S.W.2d 555 (Tex.Civ. App.—Ft. Worth 1968, no writ). There is evidence in the record that Schultze participated in a wrongful breach and was thus liable individually. Point of error three is overruled.

Point of error five seeks to invoke the provisions of the Statute of Frauds. Business & Commerce Code, Sec. 26.01 (Vernon Supp.1982). It is contended that the contract is void and unenforceable because the description of the property to be conveyed is so indefinite that it cannot be identified with reasonable certainty. It is unnecessary to review this point because we find that appellants failed to plead this defense and thereby waived it. *First National Bank in Dallas v. Zimmerman,* 442 S.W.2d 674 (Tex.1969); Rule 94, Tex.R. Civ.P. (Vernon 1979).

We also do not reach the excessive attorney fee claim in point of error four because of our holding that plaintiff has failed to establish a valid claim under the contract. Tex.Rev.Civ.Stat.Ann., Art. 2226 (Vernon Supp.1982). We note that the requirement that the plaintiff "should finally obtain judgment" was deleted from statute in 1979 (eff. June 6, 1979). Even without this provision, in the context of a suit that goes to trial, a judgment is a condition precedent to recovery of attorney's fees because a "valid claim" is not established until the plaintiff gets a judgment that is supported by the pleadings and the proof.

The judgment of the trial court is REVERSED and the cause is REMANDED.