**DESIGN CENTER VENTURE and Century Development Corporation, Appellants,**

v.

**OVERSEAS MULTI–PROJECTS CORPORATION, Appellee.**

**No. 01–86–00862–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 18, 1988.

Gradie Randle, Ross, Banks, May, Cron & Cavin, Houston, for appellants.

Jerry L. Schutza, Axelrod, Smith, Komiss & Kirshbaum, Houston, for appellee.

Before DUNN, WARREN and COHEN, JJ.

## OPINION

DUNN, Justice.

After a non-jury trial in this suit for breach of a lease agreement and wrongful dispossession, under Tex.Prop.Code Ann. sec. 91.002(d)(2) (Vernon Supp.1987) and the common law, the court entered judgment awarding appellee $6,000 for loss of business, $680.11 as reimbursement for rent paid covering the three-week dispossession, $916.67 as one month's rent, and $7,500 in attorney's fees without specifying under which cause of action the awards were made. The trial court also permanently enjoined appellants from attempting to take possession of suite 262 or "pursuing any legal or equitable action" based on any violation of the leases between the parties occurring on or before September 9, 1986.

Appellee, Overseas Multi–Projects Corporation ("Overseas"), leased space on the second and fourth floors in the Design Center, a building owned and operated by appellants, Design Center Venture and Century Development Corporation ("Century"). A separate lease covered each of the spaces, but the fourth floor lease (suite 432) contained a "cross default" clause that provided that a default under the fourth floor lease constituted a default under the second floor lease (suite 262). In March 1986, appellee defaulted on rent that was due by the terms of the fourth floor lease. Appellants then filed a forcible entry and detainer suit and, on July 23, 1986, obtained a judgment for possession of suite 432. Appellants never filed a forcible entry and detainer suit to obtain possession of suite 262, which was occupied by appellee's agent.

On July 23, 1986, appellants' lawyer, Charles Pfiester, assisted by an off-duty sheriff went to suite 262, which was occupied by Union Travel Center ("Union"), Inc., a travel agency. He gave the occupants a letter advising them of the termination of the fourth floor lease by reason of default in payment of rent, and that this default triggered the "cross-default"

clause in the suite 262 lease on the second floor. The letter advised the occupants that if they wanted access to the premises, they should contact Pfiester at the address on the letter. Pfiester also orally demanded that the occupants leave and threatened to lock them in if they refused. Pfiester then changed the locks and denied appellee further access to the premises.

Subsequently, appellee filed suit alleging wrongful dispossession under the common law, breach of the lease agreement, and violation of Tex.Prop.Code Ann. sec. 91.-002(d) (Vernon Supp.1987) seeking damages, attorneys fees, and a permanent injunction prohibiting appellants from maintaining possession of suite 262. After trial, the court entered judgment against appellants as previously recited and filed findings of fact and conclusions of law.

Appellant urges in its first point of error that the court erred in its determination that the dispossession of the appellee violated Tex.Prop.Code Ann. sec. 91.002 (Vernon Supp.1987).

Section 91.002, Interruption of Utilities and Exclusion of Tenant, provides as follows:

(a) A landlord or a landlord's agent may not interrupt or cause the interruption of utility service paid for directly to the utility company by a tenant unless the interruption results from bona fide repairs, construction, or an emergency.

(b) A landlord may not intentionally prevent a tenant from entering the leased premises except by judicial process unless the exclusion results from:

(1) bona fide repairs, construction, or an emergency;

(2) removing the contents of premises abandoned by a tenant; or

(3) changing the door locks of a tenant who is delinquent in paying at least part of the rent.

\*     \*     \*     \*     \*     \*

(c) If a landlord or a landlord's agent changes the door lock of a tenant who is delinquent in paying rent, the landlord or the landlord's agent must:

(1) place a written notice on the tenant's front door stating the name and location of the individual from whom the new key may be obtained at any hour; and

(2) provide the new key to the tenant at any hour, regardless of whether or not the tenant pays any of the delinquent rent.

(d) If a landlord or a landlord's agent violates this section, the tenant may:

(1) either recover possession of the premises or terminate the lease; and

(2) recover from the landlord an amount equal to the sum of his actual damages, one month's rent, and reasonable attorney's fees, less any delinquent rents or other sums for which the tenant is liable.

(e) A provision of a lease that purports to waive a right or to exempt a party from a liability under this section is void.

Appellant argues that section 91.002 is applicable only to residential tenancies and is therefore inapplicable to this case, which involves a commercial tenancy. In construing, and determining the applicability of section 91.002 to commercial tenancies, we first look to Tex.Gov't Code Ann. sec. 311.023 (Vernon Supp.1987), which provides that this court may consider the:

(1) object sought to be obtained;

(2) circumstances under which the statute was enacted;

(3) legislative history;

(4) common law, or former statutory provisions, including laws on the same or similar subjects;

(5) consequences of a particular construction;

(6) administrative construction of the statute; and

(7) title (caption), preamble, and emergency provisions.

Further, in the construction of a statute, "the heading of a title, sub-title, chapter, subchapter, or section, does not limit or expand its meaning." Tex.Gov't. Code Ann. sec. 311.024 (Vernon Supp.1987).

It is a fundamental rule of statutory construction to give effect to the intent of

the legislature. *Ezell v. Knapp*, 120 Tex. 503, 39 S.W.2d 829 (1931).

Chapter 91 of the Texas Property Code, entitled Provisions Generally applicable to Landlords and Tenants, at first blush seems to apply to commercial as well as residential tenancies. Chapter 92, entitled Residential Tenancies, seems to limit the application of this chapter to residential tenancies.

Historically, chapter 91 flows from former Tex.Rev.Civ.Stat.Ann. art. 5236c, enacted in 1973. This former article specifically dealt with *willful interruption of utilities* and *willful exclusions by residential landlords.* Section 2 of article 5236c provided that it would be "unlawful for a landlord or his agent to willfully exclude a tenant from the tenant's premises in any manner except by judicial process." Ch. 441, sec. 2, 1973 Tex.Gen.Laws 1226.

This provision barring *lockouts except by judicial process* applied to residential lockouts. The preamble to this act reads as follows:

> An act providing for service of process on residential landlord under certain circumstances; relating to the willful interruption of utility services by a *residential* landlord; relating to the willful exclusion of a tenant by a *residential* landlord; relating to *residential* landlord liens; repealing all laws in conflict and specifically article 5238a, Vernon's Texas Civil Statutes; adding Articles 5236b, 5236c, and 5236d, Vernon's Texas Civil Statutes; declaring an effective date; and providing a savings clause.

Ch. 441, 1973 Tex.Gen. Laws 1226 (Emphasis added). In addition, section 4 states that "this act shall take effect on September 1, 1973, and shall apply to all residential rental agreements, written or oral, executed or entered into after such date." *Id.* at 1228.

Article 5236c was repealed effective January 1, 1984, and codified as section 91.002 of the Property Code. The legislature gave instructions to the legislative council in charge of the codification that no substantive revision of the statutes relating to property were to be made. *See* Tex.Gov't. Code Ann. sec. 323.007(a) (Vernon Supp. 1987). Tex.Prop.Code Ann. sec. 1.001(a) (Vernon Supp.1987), makes the Code Construction Act, former Tex.Rev.Civ.Stat. art. 5429b–2 now codified as chapter 311 of the Government Code, applicable to the Texas Property Code. The only purpose for codification of article 5236c was to "clarify and simplify the statutes" to make them more understandable and usable. Sec. 323.-007(a).

This codification of article 5236c into section 91.002, in 1984, is the only legislation since the enactment of article 5236c in 1973 with the exception of the 1985 amendment, which merely included more specifics as to its applicability to landlord's agents and damages, but made no mention of its applicability to commercial tenancies.

Considering this background, if section 91.002 does in fact extend the coverage to a commercial tenancy, then the very purpose and intent of codification would be violated, i.e., that "no substantive change in the law is included by this act." Ch. 567, sec. 7, 1983 Tex.Gen.Law. 3730. The Texas legislative council in charge of the codification possessed only limited authority given to them by the legislature and that was to effect the codification without making any substantive changes. No authority was given to the council to revise pre-existing law. Tex.Civ.Stat.Ann. Art. 5429b–1, sec. 1.[1]

A close examination of the Property Code reveals that only the caption to Chapter 91 seems to imply a general application. No other provision of the Property Code seems to include commercial leases. *See* Tex.Gov't. Code Ann. sec. 311.024 (Vernon Supp.1987).

Further, following the enactment of article 5236c in 1973, self-help "lockout" by non-judicial means in a *commercial* land-

---

1. Ch. 2, sec. 1, 1967 Tex.Gen.Laws 1036, *repealed by*, ch. 479, sec. 224, 1985 Tex.Gen.Laws 3361.

lord/tenant situation remained a valid remedy of the landlord as it has always been under the common law. *Embry v. Bel-Aire Corp.*, 508 S.W.2d 469 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.); *Gulf Oil Corp. v. Smithey*, 426 S.W.2d 262 (Tex.Civ.App.—Dallas 1968, writ dism'd).

In view of the legislative history of Chapter 91, and section 91.002, the council's limited ability to make substantive charges, and the applicable common law, we hold that chapter 91, and section 91.002 apply to residential tenancies only.

Point of error one is sustained.

Appellants contend in their fifth and ninth points of error that there is no evidence that Overseas sustained any damages resulting from the dispossession.

The trial court awarded appellee $916.67 as one month's rent; $680.11 for reimbursement of rent paid for the three weeks appellees were dispossessed; $6,000 for loss of business; and $7,500 in attorney's fees. Section 91.002 allows recovery of actual damages, one month's rent, and attorney's fees. Each element of damages awarded was specifically allowed under the statute. However, because we have found that section 91.002 applies to residential tenancies only, recovery of damages under the statute can not be allowed.

■ Because the judgment could be based upon appellee's other causes of action, we must determine whether there is legally sufficient evidence to support an award of damages recoverable under those causes of action.

With regard to damages recoverable for wrongful dispossession under the common law (assuming there is sufficient evidence to support a common law cause of action for wrongful dispossession, without so ruling), the proper measure of damages for wrongful eviction is the difference between the market rental value of the leasehold for the unexpired term of the lease and the stipulated rentals. *Briargrove Shopping Center v. Vilar*, 647 S.W.2d 329, 336 (Tex.App.—Houston [1st Dist.] 1982, no writ). Further, recovery may be had for special damages incurred, such as expenses of removal and net profits, after deduction of the value of the rental differences. *See Birge v. Toppers Menswear, Inc.*, 473 S.W.2d 79 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.). There was no evidence introduced to determine market rental value. Appellee only introduced evidence of its gross income and never introduced evidence of its expenses and overhead. Additionally, appellee's agent testified that the travel agency never made a profit. A party may not recover lost profits when it is uncertain whether profits would have been made. *Pederson v. Dillon*, 623 S.W.2d 696, 698 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). The evidence is legally insufficient to support a finding of common law damages for wrongful dispossession.

Appellant's fifth and ninth points of error are sustained.

In points of error two, three, four, seven, and eight, appellants challenge the court's conclusions that the dispossession constituted a breach of the peace and was without consent, and that the appellee did not breach the lease agreement. In light of our disposition of the foregoing points of error and finding that there is insufficient evidence to support damages for wrongful eviction, we will not address these points of error.

■ Appellants contend in their tenth point of error that the trial court erred in finding that appellee had no adequate remedy at law and erred in granting the permanent injunction. They urge that appellee has an adequate remedy at law as a forcible entry and detainer action in justice court. *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex.1984). We agree. In *McGlothlin*, the Supreme Court vacated the tenant's temporary injunction prohibiting the landlord from prosecuting his pending forcible entry and detainer action, and held that the tenant's opportunity to defend against the action was an adequate remedy at law. Conversely, a forcible entry and detainer action to regain possession of suite 262 is also an adequate remedy at law. The trial court abused its discretion in granting the permanent injunction.

Appellant's tenth point of error is sustained.

In light of our ruling on appellants' tenth point of error, we do not reach appellants' sixth, eleventh, and twelfth points of error, all of which deal with the propriety of the injunction.

The judgment is reversed and the permanent injunction is dissolved. A take-nothing judgment in favor of appellants is rendered against appellee.