H. Glenn HUDDLESTON and Harper/Huddleston Development, Inc., Appellants,

v.

Patricia E. PACE and R. Wesley Pace, Patricia E. Pace, Inc. d/b/a The Finale and Special Moments, Appellees.

No. 04–89–00244–CV.

Court of Appeals of Texas, San Antonio.

April 18, 1990.

Rehearing Denied May 24, 1990.

Ty Griesenbeck, Jr., Cathy J. Sheehan, Plunkett, Gibson & Allen, San Antonio, for appellants.

Tom Joseph, Law Office of Tom Joseph, San Antonio, for appellees.

Before BUTTS, CHAPA and PEEPLES, JJ.

## OPINION

BUTTS, Justice.

This is a limited appeal from a jury trial in which appellants were found liable for negligence and constructive eviction. Appellants are challenging the court's award of $130,000 in attorney fees and $5,000 in mental anguish damages.

The relationship underlying the original suit stemmed from two lease agreements for two separate properties owned by appellants. Patricia E. Pace, Inc. was the corporate commercial tenant of the property that was doing business as Special Moments, and Patricia E. Pace, individually, was the tenant of the second property which was operated as The Finale. Appellees brought suit for damages arising out of a construction project instigated by appellant as landlord.

After hearing evidence as to the causes of action, the jury found that appellants were negligent in construction at Special Moments and had constructively evicted the corporate tenant, Patricia E. Pace, Inc.; however, the jury affirmatively found no breach of the lease agreement. The jury further found that appellants were not liable on the lease with Patricia E. Pace, individually, which was for operation of The Finale, and additionally awarded appellants judgment on their counterclaim for failure to comply with the lease. However, the jury awarded $5,000 to Patricia E. Pace, *individually*, for mental anguish. Appellees were also awarded $130,000 in attorney fees. Appellants bring three points of error.

In point one, appellants contend that the trial court erred in rendering judgment for attorney fees because there is no statutory basis for the award. We agree. Generally, attorney fees are not recoverable in an action for tort, such as negligence or constructive eviction, unless provided by statute. *See New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914, 915 (Tex.1967). Statutory provisions for the recovery of attorney fees are penal in nature, and must be strictly construed. *Id.* In a post-trial proceeding, appellees asserted that the 1987 version of TEX. PROP.CODE ANN. § 92.008, entitled Interruption of Utilities and Exclusion of Tenant, provided the statutory basis for their attorney fee award. This statute permits the recovery of reasonable attorney fees for violations of the statute and contains specific provisions applicable to commercial tenants. Appellants argue that appellees' reliance upon § 92.008 is improper since that provision was not enacted until August 1987, and the applicable statute at the time the cause of action accrued in 1985 was § 91.002, which was later renumbered and amended to become § 92.008. Section 91.002 contained no specific provisions for commercial tenants, and has been interpreted to apply to residential tenants only. *See Design Center Venture v. Overseas Multi-Projects Corp.*, 748 S.W.2d 469 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (detailing the legislative history of § 91.002).

A review of both § 92.008 and § 91.002 as asserted by the parties fails to reveal a statutory cause of action which would com-

port with those pleaded and proven at trial. TEX.PROP.CODE ANN. § 92.008(a) prohibits the landlord from interrupting utility service paid directly to the utility company by a tenant "unless the interruption results from bona fide repairs, construction or an emergency". Subsection (b) of § 92.008 states that:

A landlord may not intentionally prevent the tenant from entering the leased premises except by judicial process unless the exclusion results from:

(1) bona fide repairs, construction, or an emergency;

(2) removing the contents of premises abandoned by a tenant; or

(3) changing the door locks of a tenant who is delinquent in paying at least part of the rent.

Subsection (c) defines the circumstances when a commercial tenant is presumed to have abandoned the premises. Subsection (d) sets out the rules the landlord must follow in removing, storing and disposing of property abandoned by a commercial tenant. Subsections (e) and (f) prescribe the requirements for changing the door locks of residential and commercial tenants in the event of delinquent rent. Subsection (g) sets out the tenant's possible recoveries for statutory violations ("either recover possession of the premises or terminate the lease," and "actual damages, one month's rent, and reasonable attorney's fees, less any delinquent rents or other sums for which the tenant is liable"). Subsection (h) states that only commercial leases may override the statute. Only subsections (c), (d), (f) and (h) specifically address commercial tenants.

Under § 91.002, in effect at the time the cause of action accrued, subsections (a) and (b) are identical to those in § 92.008. Subsection (c) describes the steps to be followed in changing the door lock of "a tenant" who is delinquent in paying rent. Subsection (d) is substantially similar to the recovery portion of § 92.008, and (e) asserts that "a provision of a lease" which waives any rights conveyed by the statute or exempts any party is void. Section 91.-002 contained no provisions similar to

§ 92.008(c) or (d) which address commercial tenants.

■ A review of Plaintiffs' Eighth Amended Original Petition reveals that appellees did not seek to assert rights or recover remedies provided by either Property Code statute. The pleadings failed to allege any cause of action for interruption of utilities, intentionally preventing the tenant from entering the premises, or changing the locks for delinquent rent. There were no allegations that appellees abandoned the premises or that appellant attempted to remove, store or dispose of the appellees' property. Further, there was no mention of the statute itself, nor were there claims for any of the statutory remedies except a general prayer for reasonable attorney fees. The petition must contain a clear and concise statement of the plaintiff's cause of action and must give fair notice of the claim involved. TEX.R.CIV.P. 47; *Jay Fikes and Assoc. v. Walton*, 578 S.W.2d 885, 889 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). A party must recover on the right in which he sues and upon proof of the facts stated in his pleadings, and he cannot recover through a right not asserted. *Walton*, 578 S.W.2d at 889. Appellees' pleadings contain nothing that would give appellant fair notice that they intended to assert any rights conferred by § 91.002 or § 92.008 of the Property Code.

Moreover, no statutory basis is reflected in the issues submitted to the jury regarding appellant's conduct. The causes of action submitted to the jury were negligence, gross negligence, breach of lease, intentional infliction of emotional distress, and constructive eviction.

Therefore, we find that appellees did not plead or prove any acts constituting violations of either statute. Consequently, we do not reach the question of which statute applies. Appellees' asserted statutory basis for the award of attorney fees is not supported by the pleadings or the jury issues.

■ Appellees also defensively assert that they are entitled to recovery under TEX.CIV.PRAC. & REM.CODE ANN.

§ 38.001, formerly TEX.REV.CIV.STAT. ANN. art. 2226, which provides that:

A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for:

. . . . .

(8) an oral or written contract.

A condition precedent to the recovery of attorney fees under Art. 2226 (now § 38.001) is the pleading and proof of a "valid claim" as described in the statute, and a judgment obtained on that claim. *See Corpus Christi Dev. Corp. v. Carlton,* 644 S.W.2d 521, 523 (Tex.App.—Corpus Christi 1982, no writ); *North American Corp. v. Allen,* 636 S.W.2d 797, 800 (Tex. App.—Corpus Christi 1982, no writ). *See also Jay–Lor Textiles, Inc. v. Pacific Compress Warehouse Co.,* 547 S.W.2d 738, 743 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.) (interpreting former Art. 2226 which specifically stated that plaintiff "should finally obtain judgment").

■ In the instant case, it would be necessary that appellees plead, prove and prevail on their contractual claim. The record reflects that appellees prevailed on their claims for constructive eviction and negligence only.

■ While the concepts of contract law and property law are intermingled in the landlord/tenant relationship, constructive eviction has been established as a tort. *Charalambous v. Jean Lafitte Corp.,* 652 S.W.2d 521, 526 (Tex.App.—El Paso 1983, writ ref'd n.r.e.). The general requirements for constructive eviction are: (1) an intention on the part of the landlord that the tenant shall no longer enjoy the premises which intention may be inferred from the circumstances proven; (2) a material act by the landlord or those acting for him that substantially interferes with the use and enjoyment of the premises for the purposes for which they are let; (3) the act must permanently deprive the tenant of the use and enjoyment of the premises; and (4) the tenant must abandon the premises within a reasonable time after the commission of the act. *Id.* (citations omitted). In the instant case, the jury instruction is identical to the elements set out in case law

for the tort of constructive eviction. Consequently, the appellees' intention in submitting the issue of constructive eviction was to prevail on a tort claim. The issue of negligence was also successfully submitted as a tort claim. These tort claims provide no statutory basis for the award of attorney fees. If a party asserts various causes of action and does not prevail on one or more of the causes for which attorney's fees may be recovered, he is not entitled to any attorney fees. *See Kosberg v. Brown,* 601 S.W.2d 414, 418 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

Appellees argue that attorney fees are justified under § 38.001, despite the fact that they failed on their claims for breach of the leases. According to appellees, they were forced to defend against appellants' counterclaims for breach of lease to recover for constructive eviction and negligence. They assert that the statute permits recovery for attorney fees when a party must defend against all counterclaims before he can recover on his own claim. As their authority, appellees cite several cases which hold that when the original claim and any counterclaim are so closely interwoven that no distinction in the prosecution and defense of the claims is possible, then it is unnecessary to determine the time spent on each in determining the amount of attorney fees. *RepublicBank Dallas v. Shook,* 653 S.W.2d 278 (Tex.1983); *First–Wichita National Bank v. Wood,* 632 S.W.2d 210 (Tex. App.—Fort Worth 1982, no writ); *Wilkins v. Bain,* 615 S.W.2d 314 (Tex.Civ.App.— Dallas 1981, no writ); *Ortiz v. O.J. Beck & Sons, Inc.,* 611 S.W.2d 860 (Tex.Civ.App.— Corpus Christi 1980, no writ); *Damstra v. Starr,* 585 S.W.2d 817 (Tex.Civ.App.—Texarkana 1979, no writ).

Appellees' reliance on these cases as authority is misplaced. In all of these cases, the appellee recovered by both prevailing on a contract claim and defending a counterclaim. Those appellants challenged the award of attorney fees for the whole case, claiming that they should be apportioned between the prosecution of the original claim and the defense of the counterclaim. In the case at bar, appellees did not recover

on their contract claim, and apportionment is not an issue.

We also note the single jury issue for attorney fees asked "What sum, if any, would be reasonable and necessary attorney's fees ... *for the prosecution of their claims against Huddleston?*". This language indicates that appellees sought attorney fees in connection with the recovery of their original claims only.

Since appellees failed to establish a statutory basis underlying the attorney fee award for constructive eviction and negligence, and they were unsuccessful in their breach of lease claim, we find that the award of attorney fees was improper. Point one is sustained.

Point two is that there is no evidence to support an award of $130,000 in attorney fees. Based on our holding in point one that there is no statutory basis for attorney fees, we do not reach the merits of this point.

Finally, appellants contend in point three that the court erred in awarding mental anguish damages to Patricia Pace *individually* when appellants were found liable to Patricia Pace, Inc. only. The record reflects that the jury found appellants liable for negligence to Patricia E. Pace, Inc., and for constructive eviction of Patricia E. Pace, Inc. as tenant of Special Moments. They affirmatively decided against Patricia E. Pace and Patricia E. Pace as tenant of The Finale on these issues. However, the jury issue on damages reflects a $5,000 award for mental anguish to Patricia E. Pace individually. The judgment accurately reflects the jury issue and answer, which recants the award, but confers those damages to Patricia E. Pace, Inc., nevertheless.

A prerequisite to recovery of damages is the establishment of liability. In the absence of a finding of liability, the question of damages becomes immaterial. *Turner v. Lone Star Industries, Inc.*, 733 S.W.2d 242, 246 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Johnson v. Whitehurst*, 652 S.W.2d 441, 449 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r. e.). In the instant case, the jury questions on which Patricia E. Pace individually could

have been awarded mental anguish—constructive eviction and negligence—were answered in appellants' favor. Appellees argue that Pace suffered mental anguish in her capacity as a legitimate occupant and employee of Special Moments. However, the jury did not find appellants liable to Pace individually for a tort action in any capacity. Consequently, there is no finding upon which the mental anguish award to Pace individually could have been based.

It is unclear why the judgment awards the mental anguish damages as part of the total damage award to Patricia E. Pace, Inc. when there was no jury issue submitted for mental anguish damages suffered by the corporation. In any event, the award is inappropriate since there is no feasible way for a corporation to experience mental suffering. Mental anguish consists of the emotional response of the plaintiff caused by the tortfeasor's conduct. *Birchfield v. Texarkana Memorial Hospital*, 747 S.W.2d 361, 368 (Tex.1987). *See Moore v. Lillebo*, 722 S.W.2d 683, 687 (Tex.1986). By definition, "mental" means "relating to or existing in the mind". BLACK'S LAW DICTIONARY 889 (5th ed. 1979). Since a corporation is not capable of emotional responses or sufferings of the mind, we find that these damages are improper as a matter of law. Point three is sustained.

The judgment is reversed and rendered as to the attorney fees award and mental anguish damages.

CHAPA, Justice, dissenting.

I respectfully dissent.

The majority would deprive the appellees of the attorney's fees granted by the jury and judgment, because the jury verdict was grounded on a constructive eviction cause of action, which the majority contends can only be considered a tort and not a breach of contract. I disagree.

Appellees' petition clearly alleges that the constructive eviction "constituted a violation and breach of the two [written] leases." One lease involved the property known as "Special Moments." The second

lease involved property known as "The Finale." The petition further repeatedly alleged breaches of the written leases and generally prayed for attorney's fees. Since no special exceptions were leveled against these allegations, they must be construed liberally. *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982).

In Issue One, the jury found that Huddleston and/or Huddleston Development, Inc., individually or *through their agent, servants, or employees, negligently caused damaged to Pace Inc.*

In Issue Two, the jury found that Huddleston and Huddleston Development, Inc., did not fail to comply with the terms of the leases.

However, in Issue Four, the jury found that Huddleston and/or Huddleston Development, Inc., individually or *through their agents, servants or employees,* caused a constructive eviction of Pace and Pace, Inc., as to the leased property "Special Moments" only. The defining instruction to Issue Four, which was not objected to, defined constructive eviction as requiring findings of:

1) an intention on the part of the landlord that the tenant shall no longer enjoy the premises, which intention can be inferred from the circumstances proven; 2) a material act by the landlord or those acting for him that substantially interferes with the use and enjoyment of the premises for the purpose for which they are let; 3) the act must permanently deprive the tenant of the use and enjoyment of the premises; and 4) the tenant must abandon the premises within a reasonable time after the commission of the act.

It is immediately apparent that in order to make the first and second findings required for a constructive eviction, it is necessary that a lease (contract) exist creating a landlord and tenant relationship, that the landlord intend to deprive the tenant of the enjoyment of the premises (an intent to breach the contract), and that a material act by the landlord, or those acting for him, substantially interfere with the use and enjoyment of the premises for the purpose

for which they are let (actual breach of the contract). The remaining third and fourth findings require the added aggravating features that the breach permanently deprived the tenant of the enjoyment of the premises to such an extent that it caused the tenant to abandon the premises. *Charalambous v. Jean Lafitte Corp.,* 652 S.W.2d 521, 526 (Tex.App.—El Paso 1983, writ ref'd n.r.e.). Thus, a constructive eviction is in fact simply an aggravated breach of contract.

A careful scrutiny of the jury verdict reveals that Issues One and Four inquire whether the appellants *or their agent and servants* negligently caused damages or caused a constructive eviction of Pace and Pace, Inc., while Issue Two inquires whether the appellants alone (*not including any agent or servants*) failed to comply with the terms of the leases. Since the evidence indicated that it was the actions of the appellant's agents and servants, acting for the appellants, that actually caused the damage and constructive eviction, there is no inconsistency in the manner the jury answered Issues One, Two and Four.

The majority relies on *Charalambous v. Lafitte Corp.,* 652 S.W.2d 521, but the *Charalambous* opinion can in fact be read to support an opposite view. *Charalambous* involved a plaintiff who leased the bottom floor of a hotel and established a restaurant and nightclub. After disagreements about alleged disturbances caused by the band performing in the nightclub, an agent of the landlord temporarily cut off the restaurant's electricity and gas, causing damages to the plaintiff. Later, the locks to the restaurant were changed, wrongfully evicting the plaintiff. Further, the landlord stopped payment on a check which was in payment for food provided by the plaintiffs to a ship crew which were guests of the landlord's hotel. As in the case before us, plaintiff sued, alleging an intermingling of breach of contract and wrongful eviction causes of action. The jury found that:

(1) the defendants withheld money that was owed to the plaintiffs for providing food to the ship's crew, (2) the additional

necessary sum of money which would reasonably compensate for providing food to the ship's crew was $2,022.83, (3) the defendants' acts in temporarily cutting off the electricity and gas service on January 10 resulted in a monetary loss to the plaintiffs, (4) for that loss the plaintiffs would be entitled to the sum of $500.00, (5) failed to find that the plaintiffs allowed the playing of musical instruments on their premises in such a manner or with such volume as to reasonably annoy or disturb the guests at the Jean Lafitte Hotel, (6) failed to find that the defendants gave the plaintiffs written notice that the maintaining of a live band on their premises was in violation of the lease, (8) found that the following sums would reasonably compensate the plaintiffs for the following: (a) $500.00 for the expense of removing their business to other premises; (b) $5,200.00 for depreciation in the value of their property as a result of moving; (c) $36,500.00 for their loss of profits; (d) $800.00 for their loss of prepaid rent; (9) found from a preponderance of the evidence that any one of the following acts were done by the defendants with conscious indifference to the rights of the plaintiffs: (a) failure to pay any monies due the plaintiffs for the meals furnished to the ship's crew; (b) shutting off the power to the plaintiffs' restaurant and club on January 10; (c) in changing the locks and effectively preventing the plaintiffs from carrying on their business after January 21, 1976; (10) that $100,-000.00 should be awarded to the plaintiffs as exemplary damages.

*Charalambous* at 523–24.

The issues pertinent to this case, which were before the court in *Charalambous,* were whether exemplary damages were appropriate, since the action involved a breach of contract, and whether the trial court erred in refusing to submit an issue on attorney's fees.

The court in *Charalambous* recognized, as does this dissent, "the ever confusing intermingling of concepts of contract law and property law in the landlord tenant relationship"; recognized the identical re-

quirements for a constructive eviction that were included in the charge here relative to Issue Four, and; concluded that a tenant who has been "wrongfully evicted by his landlord ... is not confined to an action for forceful entry and detainer to regain possession or to an action for breach of covenant ... [but] may sue in tort by resorting to the ordinary action of trespass *where the eviction was forcible.* 52 C.J.S. Landlords and Tenants, Sec. 460(1), p. 319. *See also:* Sec. 461(5)." *Charalambous* at 526 (emphasis added). The court then held that the jury findings as to Issue Nine (set out above) "became the foundation for the award of exemplary damages ..." and upheld the exemplary damages. *Id.* at 526–27.

As in the case before us, the court in *Charalambous* was also presented with the issue of attorney's fees. The direct question before the court was whether the trial court erred in refusing to submit an issue on attorney's fees. As in the case before us, the jury findings set out in the opinion, and the language of the court in *Charalambous,* clearly indicate that the jury verdict was one for constructive eviction. However, instead of simply denying the right to attorney's fees because the successful cause of action was a tort (constructive eviction) rather than a breach of contract, as the majority here holds, the court in *Charalambous* obviously recognized the right to attorney's fees and justified the trial court's denial of an attorney's fee issue by stating:

> The plaintiffs' only claim to attorney's fees as stated in their original petition was made under Article 5236a and 5236d, Tex.Rev.Civ.Stat.Ann., and such statutes apply only to residential leases and have no application to commercial leases. (Citations omitted). The plaintiffs failed to plead for attorney's fees under Article 2226, Tex.Rev.Civ.Stat.Ann., and in addition failed to plead or prove formal demand for payment of a claim under the latter statute. The third point is overruled.

*Charalambous* at 527.

The petition in the case before us generally prayed for attorney's fees without re-

strictions. The court submitted an attorney's fee issue, and granted judgment based on the jury answers which were favorable to the appellees. Since no exceptions were made to these pleadings, they must be liberally construed. *Roark v. Allen*, 633 S.W.2d at 809. Further, there is no contention or indication that the appellees here failed to prove their entitlement to attorney's fees before the court below for failure of a formal demand.

It is untenable to hold that a tenant is entitled to attorney's fees where a landlord has simply breached a lease, but also to hold that a tenant forfeits his right to recover attorney's fees when the landlord breaches his lease to such an aggravated degree as to amount to constructive eviction. This inequity is aggravated by also saddling the tenant with the added responsibility of proving conscious indifference in order to recover exemplary damages. A breach of contract is a breach of contract, with or without aggravation. An aggrieved tenant should not be made to suffer the loss of attorney's fees simply because he has been wronged too much.

I would not deny the appellees their attorney's fees.