# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00693-CV

**Narciso Flores and Bonnie Flores, Appellants**

**v.**

**Joe Kirk Fulton, Appellee**

### FROM THE DISTRICT COURT OF LEE COUNTY, 335TH JUDICIAL DISTRICT
### NO. 12,047, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Narciso and Bonnie Flores bought a large tract of land, on which appellee Joe Kirk Fulton was a holdover tenant. Shortly after the Floreses gave Fulton notice to vacate the land, he sued for conversion, quantum meruit, and injunctive relief. The Floreses counterclaimed for breach of contract, seeking attorney's fees, costs, and "any other relief" the court deemed appropriate. The trial court awarded the Floreses damages but did not award them attorney's fees or costs. In a single issue, the Floreses contend that the court erred by failing to award them costs and attorney's fees under section 38.001 of the civil practice and remedies code. We affirm the trial court's judgment.

**FACTUAL BACKGROUND**

Fulton entered into a lease with his ex-wife, Mary Alice Fulton. He raised exotic animals on approximately 1,300 acres of ranch land located outside of Ledbetter, Texas. The lease contained a provision prohibiting tenants from holding over. Under the lease, if Fulton remained on the land after the lease terminated, he would be considered a tenant at will and would be required to vacate upon receipt of notice from the landlord. The lease expired on August 31, 2001, and on September 20, Mary Alice Fulton sent a letter notifying Fulton that she was selling the property and that he must vacate the premises on or before November 1.

Fulton remained on the property, and the Floreses, who were not parties to the Fultons' lease contract, purchased the ranch on November 29. On December 4, the Floreses notified Fulton by letter that he must vacate the property on or before December 14 or they would file an eviction action against him. When Fulton did not vacate the property, the Floreses filed a forcible detainer lawsuit in justice court, requesting $10,000 in past-due rent and $4,800 in attorney's fees. They obtained a default judgment against Fulton for possession of the property. The Floreses were awarded $157 "for costs and rent," but received "$0.00 as rent" and were not awarded attorney's fees. The Floreses sent Fulton another letter, notifying him that a judgment for possession of the premises had been entered against him.

In response, Fulton filed this suit, claiming that the Floreses had orally agreed to allow him additional time to remove his chattels (mostly animals and equipment) from the property, asking in exchange to use Fulton's ranch equipment chattels until they were removed. Fulton claimed that the Floreses then secured the property, preventing him from removing his chattels. Fulton requested return of his chattels or their fair market value and compensation for work he

2

performed for the Floreses and for the use the Floreses made of his chattels. Fulton also requested injunctive relief requiring the Floreses to feed, water, and care for his live animal chattels, or, in the alternative, preventing them from interfering with his removal of his chattels from the property. A temporary restraining order was granted and then expired a month later, during which time the Floreses were enjoined from failing to feed, water, and care for Fulton's animals; failing to protect against the animals' escape; and interfering with Fulton's removal of the animals from the property. Fulton deposited $10,000 cash with the court clerk to cover the Floreses' costs and damages if the restraining order were dissolved or if judgment were entered against Fulton in favor of the Floreses.

The Floreses asserted a breach-of-contract counterclaim and requested $4,000 per month in past-due rent, attorney's fees, court costs, and "any other relief" deemed appropriate. The parties stipulated that, should the court award attorney's fees to either party, $12,000 was a reasonable amount for trial attorney's fees, and $7,500 was a reasonable amount for any appeal. After a bench trial, the trial court granted the Floreses $4,000 in actual damages. The judgment did not award attorney's fees or court costs to either party and did not state on what basis the Floreses were awarded damages.

### STANDARD OF REVIEW

On appeal, the Floreses contend that the trial court erred by failing to award them costs and attorney's fees under section 38.001 of the civil practice and remedies code, pursuant to the trial stipulation. The Floreses have not requested or submitted a reporter's record to this Court.

Generally, the power to grant or deny attorney's fees lies within the discretion of the trial court. *Landon v. Jean-Paul Budinger, Inc.*, 724 S.W.2d 931, 934 (Tex. App.—Austin 1987,

no writ).  A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to guiding rules or principles.  *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).  A court acts unreasonably or arbitrarily if it fails to exercise the power of discretion given to it by law, when the facts require the exercise of that power.  *Landon*, 724 S.W.2d at 938.  If we cannot determine from the appellate record what reasoning the trial court employed in exercising its discretion, we must presume that the court did not abuse its discretion.  *Methodist Hosps. of Dallas v. Texas Indus. Accident Bd.*, 798 S.W.2d 651, 660 (Tex. App.—Austin 1990, writ dism'd w.o.j.).  The judgment must be affirmed if it can be supported by *any* reasonable theory supported by evidence in the record.  *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977).

In Texas, parties generally are responsible for paying their own attorney's fees.  *Turner v. Turner*, 385 S.W.2d 230, 233 (Tex. 1964).  However, attorney's fees may be recovered when permitted by statute or by contract between the parties.  *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999).  Section 38.001 of the civil practice and remedies code provides a statutory ground for the award of reasonable attorney's fees to parties who prevail on certain types of claims, including contract claims.  Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 1997).  A defendant who successfully prosecutes a counterclaim falling into section 38.001 is entitled to attorney's fees.  *Essex Crane Rental Corp. v. Striland Constr. Co.*, 753 S.W.2d 751, 758 (Tex. App.—Dallas 1988, writ denied).  Courts should liberally construe section 38.001, Tex. Civ. Prac. & Rem. Code Ann. § 38.005 (West 1997), and if a party prevails on a claim enumerated in section 38.001, an award of attorney's fees is mandatory.  *See World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 683 (Tex. App.—Fort Worth 1998, pet. denied).

To be entitled to statutory attorney's fees, a party must plead, prove, and prevail on a claim that permits recovery of attorney's fees. *Huddleston v. Pace*, 790 S.W.2d 47, 51 (Tex. App.—San Antonio 1990, writ denied); *see Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) (prevailing party); *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983) (pleading). A party "prevails" if the trial court (1) finds favorably for that party on a cause of action for which attorney's fees are recoverable and (2) awards that party damages. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). A party may be considered a prevailing party even if he does not recover to the extent originally claimed. *Federal Deposit Ins. Corp. v. Graham*, 882 S.W.2d 890, 900 (Tex. App.—Houston [14th Dist.] 1994, no writ).

## DISCUSSION

With the abuse of discretion standard of review in mind, we turn to the Floreses' argument that they prevailed before the trial court on their breach-of-contract counterclaim and should therefore recover attorney's fees under section 38.001. If the Floreses can demonstrate they pleaded, proved, and prevailed on their breach-of-contract claim, it was an abuse of discretion to refuse to award attorney's fees. *See Huddleston*, 790 S.W.2d at 51. It is undisputed that the Floreses properly pleaded their breach-of-contract claim. However, Fulton contends that the Floreses did not adduce proof of breach of contract or that they were the prevailing party on their claim.

The Floreses have not provided a reporter's record on appeal, nor did the trial court make any findings of fact or conclusions of law. Absent contrary evidence, we must presume that a trial court's judgment is valid. *Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). This presumption, which arguably is stronger

5

for judgments from bench trials than from a jury trial, is inversely related to the amount of information available to an appellate court. *Id.* When there is no reporter's record, we must presume that sufficient evidence was presented to support the trial court's judgment. *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *Vickery*, 5 S.W.3d at 251; *Fort Bend County v. Texas Parks & Wildlife Comm'n*, 818 S.W.2d 898, 900 (Tex. App.—Austin 1991, no writ). Likewise, if the parties do not request findings of fact, we must presume that the trial court made all findings necessary to support its judgment. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Lassiter*, 559 S.W.2d at 358; *Vickery*, 5 S.W.3d at 251.

Without a reporter's record, we have only the parties' pleadings and the trial court's orders and judgment to help us determine whether the Floreses proved and prevailed on their breach-of-contract claim. The final judgment granted the Floreses $4,000, whereas Fulton was granted no monetary damages. However, the judgment does not state whether the Floreses were awarded damages for breach of contract. The judgment does not discuss prevailing parties, specify that any particular claim was proved, or reflect the trial court's reasoning. Indeed, the judgment does not mention breach of contract or refer to the Floreses' counterclaim at all.[1] The Floreses, who were

---

[1] Moreover, it is not clear that a contract existed between Fulton and the Floreses, an allegation Fulton denies. Joe Kirk Fulton entered into the lease with Mary Alice Fulton, not the Floreses, and the lease, which expired on August 31, provided that if he did not vacate the property at the end of the lease term, he would be deemed a tenant at will. A landlord can extinguish a tenant at will's claim to possession at any time with proper notice, *ICM Mortgage Corp. v. Jacob*, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied), and Mary Alice Fulton's September 20 letter notified Fulton that he must vacate the property on or before November 1, almost a month before the Floreses' purchase of the property. Fulton had no contractual right to possess the property as of that date. The Floreses' December 4 notice to vacate referenced the "terminated lease" and

6

required by the temporary restraining order to care for, feed, and water Fulton's animals for about one month, requested "any other relief" the court deemed appropriate, and Fulton's cash bond stipulated that if the injunction were later dissolved or if judgment were rendered against him, the $10,000 would be used to cover the Floreses' damages. This could have included expenses the Floreses incurred caring for Fulton's animals under the restraining order.

Indeed, it appears that the Floreses' counterclaim, although titled "breach of contract," closely resembles a forcible detainer claim. *See A.V.A. Servs., Inc. v. Parts Indus. Corp.*, 949 S.W.2d 852, 854-55 (Tex. App.—Beaumont 1997, no writ) (Burgess, J., concurring). *But see* Tex. Prop. Code Ann. § 24.004 (West 2000) (justice courts have jurisdiction over forcible detainer suits). Although the Floreses sought past-due rent in their forcible detainer suit, the justice court declined to award any damages for rent. In the present suit, the Floreses again sought past-due rent, but this time as damages for breach of contract. This could suggest that the present dispute centered more on the Floreses' removal of Fulton and his chattels from the property than on breach of contract.

The absence of a reporter's record is critical to our determination of whether the Floreses prevailed. Without a reporter's record, we presume that sufficient evidence was presented to support the court's decision not to award attorney's fees, *see Bryant*, 972 S.W.2d at 31, and that the court made all necessary findings to support its judgment. *See BMC Software*, 83 S.W.3d at 795. The trial court could reasonably have awarded the Floreses damages for costs they incurred caring

mentioned that their efforts to negotiate a new lease with Fulton had failed. The Floreses were never party to the lease and had given Fulton notice that he was no longer entitled to possession of the property; thus, it is not clear that Fulton had a contract with the Floreses or that the Floreses prevailed on their breach-of-contract claim.

7

for Fulton's animals. *See Lassiter*, 559 S.W.2d at 358; *Methodist Hosps.*, 798 S.W.2d at 660. Because damages may have been granted to the Floreses based on a theory of equity or for costs incurred related to the restraining orders, we cannot determine from the record that the Floreses proved their breach-of-contract claim. Therefore, we cannot find that the court abused its discretion by declining to award attorney's fees under section 38.001. Similarly, we find no abuse of discretion in the court's refusal to award costs. *See* Tex. R. Civ. P. 131; *Seelbach v. Clubb*, 7 S.W.3d 749, 764 (Tex. App.—Texarkana 1999, pet. denied). We overrule the Floreses' issue on appeal.[2]

### CONCLUSION

We hold that the trial court did not abuse its discretion in refusing to award the Floreses court costs or attorney's fees. We therefore affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:  July 1, 2004

---

[2] A party should not receive appellate attorney's fees unless its appeal is successful. *K.B. v. N.B.*, 811 S.W.2d 634, 643 (Tex. App.—San Antonio 1991, writ denied). Because we affirm the trial court's judgment, the Floreses are not entitled to appellate attorney's fees.